Turner, J.
 

 As the United States is a party to this controversy, under Section 2 of Article III and Article VI of the Constitution of the United States our decision must be.governed by the principles of law enunciated by the Supreme Court of the United States.
 

 Section 2 of Article III of the Constitution of the United States provides in part:
 

 “The judicial power shall extend * * * to controversies to which the United States shall be a party
 
 *
 
 * *
 
 a
 

 Article VI of the Constitution of the United States provides in part:
 

 “This Constitution, and the laws of the United States which shall be made in pursuance thereof: * * * shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding. ’ ’
 

 The principle of federal law underlying this case was announced by the Supreme Court of the United States in the famous case of
 
 M’Culloch
 
 v.
 
 State of Maryland,
 
 17 U. S. (4 Wheat.), 316, 4 L. Ed., 579, wherein Mr. Chief Justice Marshall said at page 430:
 

 “We find, then, on just theory, a total failure of this
 
 *260
 
 original right [of a state] to tax the means employed by the government of the Union, for the execution of its powers. The right never existed, and the question whether it has been surrendered, cannot arise.”
 

 And at page 436,
 
 ibid:
 

 “The court has bestowed on this subject its most deliberate consideration. The result is a conviction that the states have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by Congress to carry into execution the powers vested in the general government. This is, we think, the unavoidable consequence of that supremacy which the constitution has declared.”
 

 Nearly sixty years ago the Supreme Court of the United States decided the case of
 
 Van Brocklin
 
 v.
 
 State of Tennessee,
 
 117 U. S., 151, 29 L. Ed., 845, 68 S. Ct., 670, and has consistently followed it in the later cases.
 

 The facts of the
 
 Van Brocklin
 
 or, as it is sometimes called, the
 
 Tennessee case,
 
 may be said to be on all fours with those of the instant case. Mr. Justice Gray in stating the case said at page 153:
 

 “The question presented by this writ of error is whether lands in the state of Tennessee, which, pursuant to acts of Congress for the laying and collecting of direct taxes, are sold, struck off and purchased by the United States for the amount of the tax thereon, and are afterwards sold by the United States for a larger sum, or redeemed by the former owner, are liable to be taxed, under authority of the state, while so owned by the United States.”
 

 In answering the foregoing question in the negative Mr. Justice Gray said (page 180): “Those taxes, therefore, cannot be collected, even since the plaintiffs in error have redeemed or purchased the land from the United States.”
 

 
 *261
 
 This last quoted statement, of Mr. Justice Gray is a complete answer to the contention of appellee board, in the instant case, to the effect that, inasmuch as the Farm Credit Administration had agreed to hold the property here in question for liquidation and to apply the proceeds of the sale and/or rent to the indebtedness of the association the tax burden fell upon the association which would be entitled only to a credit of the net proceeds realized by the Farm Credit Administration.
 

 The state of Tennessee had both constitutional and statutory provisions similar to ours, its constitution authorizing the exemption only of property used exclusively for public purposes and its statute exempting all property belonging to United States or the state of Tennessee.
 

 Iu commenting upon this feature of that case Mr. Justice Gray said at the close of his opinion:
 

 “Whether the Supreme Court of Tennessee rightly construed the provisions of the Constitution and statutes of the state as not exempting from taxation land belonging to the 'United States, exclusive jurisdiction over which had not been ceded by the state, is quite immaterial, because, for the reasons and upon the authorities above stated, this court is of opinion that neither the people nor the Legislature of Tennessee had power, by Constitution or statute, to tax the land in question, so long as the title remained in the United States.”
 

 In the case of
 
 Wisconsin Central Rd. Co.
 
 v.
 
 Price County,
 
 133 U. S., 496, 504, 33 L. Ed., 687, 10 S. Ct., 341, Mr. Justice Field opened his opinion with the sentence :
 

 “It is familiar law that a state has no power to tax the property of the United States within its limits.”
 

 In commenting upon the tax immunity of the prop
 
 *262
 
 erty of the United States it is said in 51 American Jurisprudence, 285, Section 224:
 

 “The distinction between property held for'public and governmental purposes and property held for private and personal purposes has no proper application to the property of the United States. * * * It has been held that even when the property of the United States which a state attempted to tax was land which had been taken over by the United States for nonpayment of a direct tax and was devoted to no public or governmental use, it was not taxable by the state.” See, also, 61 Corpus Juris, 418, Section 451.
 

 It is said in 2 Cooley Taxation (4 Ed.), page 1276, Section 604:
 

 “A state has no power to tax property belonging to the United States, no matter for what purpose acquired or held.”
 

 Under the Agricultural Marketing Act of June 15, 1929, 46 Stats, at L., 11, as amended, Title 12, Section 1141
 
 et seq.,
 
 U. S. Code, the Farm Credit Administration was authorized to sell any real or personal property acquired by the United States on account of or as a result of any loans made from the revolving fund. Section 1141(2 provides in part: “Any and all funds derived from the sale, lease, operation, or other disposition of any property, real or personal, acquired by the United States on account of or as a result of any loan made pursuant to the provisions of this subchapter, shall be covered into and become a part of said revolving fund.”
 

 Under the law applicable to the instant case, we are of the opinion that the decision of the Board of Tax Appeals appealed from is unlawful and should be and hereby is reversed and the case remanded to the Board of Tax Appeals with instructions to grant the appli
 
 *263
 
 cation of appellant and consent to the exemption from taxation of the property in question so long as it remains the property of the United States.
 

 Decision reversed.
 

 Zimmerman, Bell, Williams, Matthias and Hart, JJ., concur.