*253
 
 Weygandt, C. J.
 

 One of the appellant’s contentions is that its property is exempt from taxation under favor of Section 5351, General Code, which provides in part that “public property used for a public-purpose shall be exempt from taxation.” This legislative enactment is based upon Section- 2 of Article XII of the Constitution of Ohio which authorizes the passage of general laws to exempt from taxation “public property used
 
 exclusively
 
 for any public purpose.” (Italics supplied.) This court frequently has held, as it did in the second paragraph of the syllabus in the case of
 
 Pfeiffer et al., Trustees,
 
 v.
 
 Jenkins et al., Bd. of Tax Appeals,
 
 141 Ohio St., 66, 46 N. E. (2d), 767, that “under the provisions óf Section 5351, General Code, and Section 2 of Article XII of the Constitution of Ohio, relating to the exemption from taxation of public property used for a public purpose, such use must be exclusive.”
 

 Are the appellant’s land and buildings “public property used exclusively for any public purpose?”
 

 According to the stipulation of facts it appears that the land involved was acquired by the United States by ordinary purchase from the various owners; that the construction of buildings was started by the Federal Emergency Administration of Public Works in the .year 1936; that in 1937 the property was transferred to the United States Housing Authority whose name has been changed to the Federal Public Housing Authority; that in 1938 the construction of the buildings was completed and the property was leased to the Cincinnati Metropolitan Housing Authority, an Ohio corporation; that said property has since been in continuous operation by this lessee; that the property consists of a heating plant, 21 residence buildings containing 1039 private apartments, and 2 administration buildings containing offices and 18 retail storerooms ; that the storerooms were advertised and rent
 
 *254
 
 ed to the highest bidders; that the auditor of Hamilton county entered the property on the tax duplicate for the year 1939; that previously the project manager for the Federal Emergency Administration of Public Works entered into an agreement with the city of Cincinnati whereby the full amount of taxes would be paid on the property as if it were privately owned; and that in return the city contributed the sum of $750,000 to the project.
 

 . This question was squarely decided by this court in the case of
 
 Columbus Metropolitan Housing Authority
 
 v.
 
 Thatcher, Aud.,
 
 140 Ohio St., 38, 42 N. E. (2d), 437, in which the circumstances were similar. The chief difference in the facts is that in the earlier case the title to the property was in the Columbus Metropolitan Housing Authority, an Ohio corporation, while in the instant controversy the title is in the Federal Public Housing Authority. However, the mere ownership of property manifestly is not determinative of its use. The decision in the
 
 Thatcher case
 
 was approved and followed recently by this court in
 
 Dayton Metropolitan Housing Authority
 
 v.
 
 Evatt, Tax Commr., ante,
 
 10. Perhaps it should be added that this court is not permitted to concern itself with any question of policy involved in either the constitutional provision or the building project. Whether the members of this court approve or disapprove of either or both is of no moment whatsoever. The clear duty of the court is to accept the requirement the people of this state have placed in their organic law providing that “general laws may be passed to exempt * * * public property used exclusively for any public purpose # * *.” If the word “exclusively” is to be eliminated or if
 
 benefit
 
 instead of
 
 use
 
 is to made the test, the people alone have the power to do so. Under the circumstances of this case- it would constitute the plainest contradiction in terms for this court to hold that the
 
 *255
 
 use is exclusively public when in fact the property is occupied by sublessees for private residences or for privately owned and operated businesses.
 

 According to the opinion of the Board of Tax Appeals the appellant’s second contention before that body was that the property is immune under Section 5353, General Code, providing for the exemption of “property belonging to institutions used exclusively for charitable purposes.” However, in this court the appellant has abandoned that contention and the Board of Tax Appeals manifestly was correct in holding that this privately occupied residence and business property is not being used exclusively for charitable purposes.
 

 A third contention of the appellant is that it is an instrumentality of the United States and that therefore its property is
 
 ipso facto
 
 immune from taxation irrespective of whether it or its lessee may be using the property in a governmental or proprietary function. Assuming the correctness of the appellant’s theory that it is an instrumentality of the United States, no-provision of either the federal or the state constitution is cited as a basis for the claimed exemption; and it is axiomatic that exemptions from taxation are not favored by law but an intention therefor must be expressed clearly. Furthermore, it is a settled rule of law that when a government or its agency undertakes a proprietary or nongovernmental function it divests itself of its sovereign character and forfeits its immunity from taxation. In the case of
 
 State of Ohio
 
 v.
 
 Helvering, Commr.,
 
 292 U. S., 360, 78 L. Ed., 1307, 54 S. Ct., 725, it was held in the opinion written by Mr. Justice Sutherland that the challenge to the validity of the tax imposed by the federal government on the sale and distribution of intoxicating liquors by the state of Ohio “seeks to invoke a principle, resulting from our dual system of government, which frequent
 
 *256
 
 ly has been announced by this court and is now firmly •established, — that ‘the instrumentalities, means and •operations whereby the states exert the governmental powers belonging to them are * * * exempt from taxation by the United States.’
 
 * *
 
 * But, by the very terms of the rule, the immunity of the states from federal taxation is limited to those agencies which are of a governmental character. Whenever a state engages in a business of a private nature it exercises nongovernmental functions, and the business, though conducted by the state, is not immune from the exercise of the power of taxation which the Constitution vests in the Congress. * * * If a state chooses to go into the business of buying and selling commodities, its right to do so may be conceded so far as the federal Constitution is concerned; but the exercise of the right is not the performance of a governmental function, and must find its support in some authority apart from the police power. When a state enters the market.place seeking customers it divests itself of its quasi-sovereignty
 
 pro tanto,
 
 and takes on the character of a trader, so far, at least, as the taxing power of the federal government is concerned.”
 

 Likewise, in the case of
 
 Graves et at., Tax Commrs.,
 
 v.
 
 New York, ex rel. O’Keefe,
 
 306 U. S., 466, 83 L. Ed., 927, 59 S. Ct., 595, 120 A. L. R., 1466, Mr. Justice Stone in referring to the earlier case of
 
 Helvering, Commr.,
 
 v.
 
 Gerhardt,
 
 304 U. S., 405, 82 L. Ed., 1427, 58 S. Ct., 969, commented:
 

 “It was there pointed out that the implied immunity of one government and its agencies from taxation by the other should, as a principle of constitutional construction, be narrowly restricted. For the expansion ■of the immunity of the one government correspondingly curtails the sovereign power of the other to tax, and where that immunity is invoked by the private citizen It tends to operate for his benefit at the expense of the
 
 *257
 
 taxing government and without corresponding benefit to the government in whose name the immunity is claimed. * * *
 

 “* * * The burden on government of a nondiscriminatory income tax applied to the salary of the employee of a government or its instrumentality is the same, whether a state or national government is concerned. ”'
 

 Inasmuch as the federal government has repudiated the doctrine of intergovernmental immunity from taxation, there is no apparent reason for discriminating between the federal and state governments with reference thereto. Otherwise, if both governments were to engage in similar proprietary functions such as the liquor business, two such establishments side by side would present the anomaly of the one being subject to taxation and the other enjoying a wholly unjustifiable immunity therefrom. It would seem that if the one is taxable when it “enters the market place seeking customers” the other should have no just cause for complaint when it places itself in exactly the same category. Furthermore, in the instant case it was expressly agreed that the full amount of taxes would be paid on the property as if it were privately owned, and relying thereon the city of Cincinnati contributed the sum of $750,000 to the project. The appellant is in the position of seeking to evade its obligation after the city has performed its part of the contract. It is true that after the appellant refused to pay the taxes regularly assessed on its property the agreement with the city was modified when the city accepted the appellant’s offer to pay annually one fourth of the assessed amount in
 
 lieu
 
 of taxes, but the appellant now disclaims even this liability. Of course if the appellant’s realty is taxable it is subject to the full amount of the levy; but if it is not taxable nothing should be paid. The appellant owes either the full amount or nothing,
 
 *258
 
 and, like other realty owners, it has no authority whatsoever to determine for itself what part, if any, of a duly assessed tax it will pay.
 

 The appellant further insists that the distinction between governmental and proprietary functions is not applicable to the federal government and that every function the latter or its agency may undertake is necessarily and inherently governmental. This is to say that when similar functions are exercised by each government the one may be arbitrarily classified as a proprietary function and the other as governmental. Significantly no constitutional or statutory authority is cited to sustain this view. In the instant case the appellant is engaged in the business enterprise of being a landlord — a fact the true nature of which cannot be changed arbitrarily by mere legislative enactment, alone. Clearly the appellant is a proprietor, and as such cannot be heard to complain when its property is-not permitted to escape the tax burden common to all proprietors.
 

 The appellant places reliance upon the first part of Section 5351, General Code, which in its entirety reads as follows:
 

 “Real or personal property belonging exclusively to the state or United States, and public property used for a public purpose shall be exempt from taxation.”'
 

 As previously observed with reference to the latter part of this section, the entire statute is based upon Section 2 of Article XII of the Constitution of Ohio which authorizes the passage of general laws to exempt “public property used exclusively for any public purpose.” It is fundamental that a statute may not exceed the breadth of the constitutional provision upon which it is bottomed. The latter contains no suggestion that property may be exempted simply by virtue of exclusive ownership by the state or the United States. Not only must the property be owned by the
 
 *259
 
 public but it must be used exclusively for' any. public purpose. Hence, if it be owned exclusively by the'State1 or the. United States but hot used exclusively for a' public purpose, the General Assembly is without power1 to exempt it. When a statute is susceptible to two constructions, the one constitutional and the other unconstitutional, the former will be adopted in order to sustain the validity thereof. Therefore the effect of Section 5351 must be limited to property belonging exclusively to the state or the United States and used exclusively for any public purpose. As already stated, the appellant’s property falls far short of meeting' the latter test.
 

 The Board of Tax Appeals was not in error in denying the appellant’s application for the exemption of its realty from taxation, and the decision must be' affirmed.
 
 >
 

 Decision affirmed.
 

 Matthias, Hart, Bell and Turner, JJ., concur. Zimmerman and Williams, JJ., dissent. ■