Stewart, J.
 

 The sole question before this court is whether the thirty-five-hundredths of an acre is exempt from taxation under Section 5351, General Code.
 

 Section 2, Article XII of the Constitution of Ohio, provides in part as follows:
 

 “Land and improvements thereon shall be taxed by uniform rule according to value. * * * and without limiting the general power, subject to the provisions of Article I of this Constitution, to determine the subjects and methods of taxation or exemptions therefrom, general laws may be passed to exempt *
 
 * *
 
 public property used exclusively for any public purpose * * *.”
 

 Section 5351, General Code, provides in,part:
 

 “Real or personal property belonging exclusively to the state or United States, and public property used for a public purpose, shall be exempt from taxation.”
 

 Paragraph five of the syllabus in the case of
 
 Federal Public Housing Authority
 
 v.
 
 Guckenberger, Aud.,
 
 143 Ohio St., 251, 55 N. E. (2d), 265, reads as follows:
 

 “The first part of Section 5351, General Code, exempting from taxation real or personal property belonging exclusively to the state or the United States is limited by the terms of Section 2 of Article XII [of the Constitution of Ohio] to property used exclusively for any public purpose.”
 

 That case was concerned with the question of a claimed right to exemption from taxation of Laurel Homes, a federal housing project in Cincinnati. The property in question was owned by a federal agency and was leased to the Cincinnati Metropolitan Housing Authority. ■
 

 One of the main questions in that case was whether the property was used exclusively for a public pur
 
 *36
 
 pose, and another question was whether the state had the power to tax property owned by an agency or instrumentality of the federal government.
 

 This court held, in effect, that although Section 5351, General Code,, by its terms exempts real and personal property belonging to the state or the United States, nevertheless, the words of a statute cannot prevail over a constitutional limitation, and, according to the Constitution, all real property must be taxed, and only that public property which is used exclusively for a public purpose, may be exempted.
 

 There was a dissenting opinion, but it was based upon the postulate that the state cannot tax property belonging to the federal government.
 

 In the case of
 
 Columbus Metropolitan Housing Authority
 
 v.
 
 Thatcher, Aud.,
 
 140 Ohio St., 38, 42 N. E. (2d), 437, paragraph one of the syllabus reads:
 

 “Public property may not be exempted from taxation unless it is used exclusively for a public purpose. The exclusive use for a public purpose must coincide with public ownership of property to entitle such property to exemption from taxation.
 
 (City of Cincinnati
 
 v.
 
 Lewis,
 
 66 Ohio St., 49, approved and followed.) ”
 

 There was a dissent in that case but it was based on the postulate that, in the opinion of the dissenters, the propei'ty involved therein was public property used exclusively for a public purpose.
 

 In the present case we do not have the question of public purpose or property owned by the United States. It is undisputed that the property here involved is devoted exclusively to private purposes, and though owned by the state it is rented to and exclusively used by a private citizen for a private business.
 

 Section 2, Article XII of the Constitution of Ohio, specifically provides that land and improvements thereon shall be taxed by uniform rule according to value. It exempts no lands but contains a provision
 
 *37
 
 that general laws may he passed to exempt certain types of land and improvements, including public property used exclusively for any public purpose. Since a state has a right to tax itself, and since Ohio constitutionally provides for the taxation of all lands, with the exception of those for which the General Assembly is authorized to pass exemption laws, any such law passed by the General Assembly must come within the' constitutional exceptions, and, if possible, any such law must be interpreted in accordance with those exceptions.
 

 This court has, in the
 
 Guckenberger case, supra,
 
 interpreted the enactment of the General Assembly as limited by the constitutional provision, and it is obvious that we must hold that the board, in the instant case, was correct in denying the application, unless we are to overrule paragraph five of the syllabus in the
 
 Guckenberger case.
 

 No citation of authority is needed to support the rule that a statute must be interpreted in the light of the Constitution, and that, if there is a conflict, the statute and not the Constitution must fall.
 

 It is contended that paragraph five of the syllabus of the
 
 Guckenberger case
 
 is dictum, so far as it refers to state property, for the reason that that case was concerned only with property belonging to an agency of the federal government, but we cannot see where the application differs as between the state and the federal governments. If there is any difference the rule would apply more clearly to state property than to federal.
 

 As we have said, there is no controversy as to the nature of the use of the real estate in the present case, ánd there is no question as to the exercise of governmental or proprietary functions.
 

 Attention has been called to the case of
 
 State, ex rel. Williams,
 
 v.
 
 Glander, Tax Commr.,
 
 148 Ohio St., 188, 74 N. E. (2d), 82, in which the majority of this court
 
 *38
 
 held that personal property belonging to the Department of Liquor Control is exempt from taxation under Section 5351, General Code. However, the
 
 Glander case
 
 distinguishes the
 
 Guckenberger case,
 
 and Judge Turner stated in the
 
 Glander case,
 
 on page 200:
 

 “Paragraph five of the syllabus of
 
 Federal Public Housing Authority
 
 v.
 
 Guckenberger, Aud.,
 
 143 Ohio St., 251, 55 N. E. (2d), 265, is applicable only to real property which was all that was involved there.”
 

 Tt is true that the
 
 Guclcenberger case
 
 was reversed by the United States Supreme Court in
 
 Federal Public Housing Authority v. Guckenberger, Aud.,
 
 323 U. S., 329, 89 L. Ed., 274, 65 S. Ct., 280, but only on the ground that the state had no authority to tax property owned by the Unitéd States, regardless of the character of use. The decision of the Supreme Court of the United States in no way impaired the legal principle announced in paragraph five of the syllabus in the
 
 Guckenberger case,
 
 which was simply to the effect that the first part of Section 5351, General Code, is limited by the terms of Section 2, Article XII of the Constitution of Ohio.
 

 It is interesting to note in passing that, while the Supreme Court of the United States denied the right of the state to tax any federal property, it upheld the right of the federal government to tax certain agencies of the state.
 
 (Ohio
 
 v.
 
 Helvering, Commr.,
 
 292 U. S., 360, 78 L. Ed., 1307, 54 S. Ct., 725.)
 

 We hold that real property belonging to the state, which is used for a private purpose, is not exempt from taxation under Section 5351, General Code.
 

 The decision of the Board of Tax Appeals is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman and Sohngen, JJ., concur.