Hajrt, J.
 

 The question before this court is whether the Board of Tax Appeals erred in holding that the United States is entitled to the remission of taxes for the year 1948 and the exemption from taxation for the year 1949 on improvements owned by it and located upon certain lands owned by a municipality and now held
 
 *46
 
 by the United States under a lease acquired by assignment, even though such improvements so owned are leased to a private corporation engaged in private business.
 

 The applications for the remission and exemption were based upon the provisions of Section 5351, General Code, the pertinent part of which is as folíows:
 

 “Real or personal property belonging exclusively to the state or United States, and public property
 
 used for a public purpose,
 
 shall be exempt from taxation * * *.” (Italics supplied.)
 

 The appellant claims that to be tax exempt, the property, even though owned by the United States, must be used for a public purpose. To establish the fact that it is not being so used, the appellant relies upon the record wherein it appears that one reason for leasing the property to the Curtiss-Wright Corporation was that the Secretary of the Navy had “determined that the plant and facilities are not for the time required for public use.”
 

 This court, in the case of
 
 Federal Public Housing Authority
 
 v.
 
 Guckenberger, Aud.,
 
 143 Ohio St., 251, 55 N. E. (2d), 265, construed the provisions of Section 5351, General Code, and held that the statute “exempting from taxation real or personal property belonging exclusively to the state or the United States is limited by the terms of Section 2 of Article XII [of the Ohio Constitution] to property used exclusively for any public purpose.” On appeal of that case to the Supreme Court of the United States, that court reversed the judgment of this court and held that the property in question owned by a federal housing authority, an instrumentality of the United States, even though not used for a public purpose, was, nevertheless, exempt from taxation by the state of Ohio; and that Congress had power to exempt from taxation property owned by the United States or its instru
 
 *47
 
 mentalities and had done so. See
 
 City of Cleveland
 
 v.
 
 United States,
 
 323 U. S., 329, 89 L. Ed., 274, 65 S. Ct., 280.
 

 In the case of
 
 United States (Farm Credit Administration)
 
 v.
 
 Board of Tax Appeals,
 
 145 Ohio St., 257, 61 N. E. (2d), 481, this court held that “without the consent of the Congress a state may not tax land belonging to the United States.” Judge Turner, in his opinion in that case, cited and commented upon the cases of
 
 Van Brocklin
 
 v.
 
 State of Tennessee,
 
 117 U. S., 151, 29 L. Ed., 845, 68 S. Ct., 670, and
 
 Wisconsin Central Rd. Co.
 
 v.
 
 Price County,
 
 133 U. S., 496, 33 L. Ed., 687, 10 S. Ct., 341.
 

 In the case of
 
 Guckenberger, Aud.,
 
 v.
 
 Toledo & Cincinnati Rd. Co.,
 
 144 Ohio St., 571, 60 N. E. (2d), 163, wherein a factual situation almost identical with that now before us was involved, this court held:
 

 ‘ ‘ Structures erected by the government of the United States upon land occupied by it for military purposes under a lease by the terms of which such structures are to remain the property of the government and may be removed at the expiration of the lease are, during the period of such use and occupancy, exempt from taxation and should be placed by the county auditor on the ‘list of exempted property,’ separate and apart from the land covered by the lease.”
 

 In the opinion in that case, Judge Matthias said:
 

 “The precise question to be decided here is whether the structures in question owned by the United States government shall be exempted from taxation, where the land upon which they are placed is taxable. It is obvious from the record presented in this case that if the position of the appellant be sustained, a tax would in fact be levied against the United States, for it would cause such increase of rentals as would be essential to reimburse the land owner for the taxes he would be required to pay upon the structures which under the
 
 *48
 
 terms of the lease are the property of the United States government. ’ ’
 

 To the same effect, see
 
 United States
 
 v.
 
 County of Allegheny,
 
 322 U. S., 174, 88 L. Ed., 1209, 64 S. Ct., 908; 51 American Jurisprudence, 285, Section 224.
 

 The appellant claims further that since the United States, in assuming the lease on the lands in question, agreed to carry out its terms and conditions, one of which was that the lessee would pay all taxes on the land and any improvements thereon, it thereby agreed to pay the taxes in question and is estopped to claim exemption therefrom. Although a state may tax instrumentalities of the national government if the latter consents thereto, such waiver or consent must be duly authorized and clearly given.
 
 Austin
 
 v.
 
 Aidermen,
 
 74 U. S., 694, 19 L. Ed., 244.
 

 This question seems to have been settled in the case of
 
 United States
 
 v.
 
 County of Allegheny, supra,
 
 where, in the L. Ed. headnote, it is stated:
 

 “Assuming the power of a contracting officer to waive by contract the immunity of the property of the United States from taxation, a contract requiring a contractor to whom the United States has leased machinery to obey and abide by the ‘applicable’ state law, and assuming the burden of ‘any applicable state or local taxes’ which the contractor may be required, on account of the contract, to pay, after using every effort short of litigation to procure exemption or refund, is not effective as a waiver. ’ ’
 

 The decision of the Board of Tax Appeals must be and is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman, Stewart, Turner and Taet, JJ., concur.