Ohio Ferro-Alloys Corp., Appellee, *v.* Donahue, Tax Commr., et al., Appellants.

[Cite as Ohio Ferro-Alloys Corp. v. Donahue, Tax Commr., 7 Ohio St. 2d 29.]

(No. 39866—Decided June 22, 1966.)

30

*Messrs. Day, Ketterer, Raley, Wright & Rybolt* and *Mr. John F. Buchman,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. Edgar L. Lindley,* for appellants.

*Per Curiam.* The sole question to be decided is whether the chimney constructed in 1954 for the admitted purpose of diffusing polluted smoke so as to eliminate a local nuisance now qualifies as a "pollution control facility" as defined by Section 5709.-20, Revised Code (effective October 14, 1963), requiring the issuance of a certificate permitting tax exemption for such a facility pursuant to Section 5709.25, Revised Code.

Admittedly, the smoke emitted from the appellee's plant contains volatilized silica, alumina, magnesia, carbon, iron or iron oxides and chrome or chrome oxides in quantities approximating five or six tons of solid material per 24-hour period. Admittedly, nothing is removed from this smoke by the facility. Everything that goes in at the bottom of the chimney goes out at the top.

Section 5709.20, Revised Code, requires as a prerequisite of exemption that the facility for which exemption is claimed be ''designed, constructed, or installed for the *primary purpose of eliminating or reducing air pollution* which renders such air harmful or inimical to the public health or to property within this state.''

Appellee must admit that the pollution which existed here was ''harmful or inimical to the public health or to property,'' otherwise there is no basis for exemption. Exemption is justified by reducing or eliminating only such pollution as is harmful to health or property within this state.

Although one witness testified that the effect of this facility would be to reduce the concentration of pollutants in the Brilliant area, there is no evidence that diffusion, which was the sole effect of the facility for which exemption is claimed, rendered such smoke less harmful to health or property ''within this state.'' Notwithstanding that any given cubic foot of Ohio air in the Brilliant area contained fewer pollutants as a result of the claimed diffusion, a greater number of cubic feet of air ''within this state'' contained pollutants. Property near the plant was harmed less and a local nuisance was eliminated but there is no evidence that expelling the pollutants at the 400-foot level reduced or eliminated general air pollution ''within this state.''

It may be assumed that the General Assembly in enacting this statute intended to encourage company management to make capital investments which would benefit the public generally by reducing or eliminating a contribution to the overall air pollution problem which is now present within this state and which will, in absence of some legislation, become a severe problem in the future. The cumulative effect of many minor contributions to general air pollution will not be lessened if everyone merely builds a smokestack.

We are also of the opinion that the order of the Tax Commissioner denying the certificate is not unreasonable or unlawful in that the evidence would have justified a finding that the facility was as a matter of fact not suitable and reasonably adequate for the purpose of air pollution reduction or limitation even if intended for that purpose. This court has invariably

recognized the proposition that tax exemption *pro tanto* violates the constitutional requirement of tax uniformity as well as the related proposition that statutory language granting tax exemption when construction is required must be construed most strongly against exemption. *National Tube Co.* v. *Glander, Tax Commr.*, 157 Ohio St. 407.

In view of the foregoing, this court is of the opinion that the Court of Appeals erred in its judgment that the decision of the Board of Tax Appeals affirming the refusal of the Tax Commissioner to issue the certificate of exemption is unlawful and unreasonable.

The judgment of the Court of Appeals is reversed, and the decision of the Board of Tax Appeals affirming the order of the Tax Commissioner denying the certificate of tax exemption is affirmed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, CRAWFORD and BROWN, JJ., concur.

CRAWFORD, J., of the Second Appellate District, sitting for SCHNEIDER, J.