CITY OF DAYTON ET AL., APPELLANTS, *v.* RODERER, AUD.,
APPELLEE.

(No. 76-1322—Decided June 8, 1977.)

*Mr. James W. Drake*, city attorney, and *Mr. Edward M. Taylor, Jr.*, for appellant city of Dayton.

*Messrs. Smith & Schnacke, Mr. Ford W. Ekey, Mr. Paul E. Lacouture* and *Mr. Joseph M. Rigot*, for appellant Delta Airlines, Inc.

*Mr. Lee C. Falke*, prosecuting attorney, for appellee.

*Mr. William J. Brown*, attorney general, and *Mr. John C. Duffy, Jr.*, for Board of Tax Appeals.

*Per Curiam.* The appellants contend that the subject property is exempt under two provisions of the Revised Code: Section 5709.08 and Section 5709.121.

R. C. 5709.08, formerly G. C. 5351, provides in pertinent part that:

"Real or personal property belonging to the state or United States used exclusively for a public purpose, and public property used exclusively for a public purpose, shall be exempt from taxation. * * *"

160

An exemption with regard to municipal airport property was dealt with in *Toledo* v. *Jenkins* (1944), 143 Ohio St. 141. This court held that, in order to qualify for exemption from taxation, property must meet "three essential prerequisites. (1) The realty must be public property; (2) the use must be for a public purpose: and (3) the use must be exclusively for that purpose." 143 Ohio St. at 151. This court has noted that the decision in *Toledo* must be read with reference to the later enactment of R. C. 5713.04, the "split-listing statute." *Cleveland* v. *Perk* (1972), 29 Ohio St. 2d 161, 167-168.

While the subject property would qualify under the first two tests for exemption provided in *Toledo*, it does not qualify as being used *exclusively* for a public purpose for the same reason as stated in *Cleveland* v. *Perk, supra*:

"When * * * private enterprise is given the opportunity to occupy public property in part and make a profit, even though in so doing it serves not only the public, but the public interest and a public purpose, such part of the property loses its identity as public property and its use cannot be said to be exclusively for a public purpose. A private, in addition to a public, purpose is then subserved. * * *" 29 Ohio St. 2d at 166.

With regard to the appellants' claim of exemption by virtue of R. C. 5709.121, the court notes that the General Assembly, in enacting the statute, stated that its purpose in doing so was to "* * * clarify the exemption from taxation of property belonging to a charitable institution, the state, or its political subdivisions and used by another charitable institution for exempt purposes." 133 Laws of Ohio 2646, Pt.III. The situation contemplated is clearly not analogous to the case at bar.

The decision of the Board of Tax Appeals denying the exemption is neither unreasonable nor unlawful and is, therefore, affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.