TRANSUE & WILLIAMS, DIV. OF STANDARD ALLIANCE
INDUSTRIES, INC., APPELLANT, *v.* LINDLEY, TAX COMMR.,
APPELLEE, ET AL.

(No. 77-1452—Decided June 14, 1978.)

352

Messrs. *George, Greek, King, McMahon & McConnaughey, Mr. Darold I. Greek* and *Mr. Kiehner Johnson,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Michael J. Moushey* and *Mr. James R. Unger,* for appellee.

*Per Curiam.* R. C. 5709.20(B) defines an "air pollution control facility" as "* * * any property designed, constructed, or installed for the primary purpose of eliminating or reducing the emission of, or ground level concentration of, air contaminants which render air harmful or inimical to the public health or to property within the state."

Further, R. C. 5709.21 provides for the method of applying for an air pollution control certificate and states that such certificate shall issue "[i]f the commissioner, after obtaining the opinion of the director of environmental protection, finds that the proposed facility was designed primarily for the control of air or noise pollution * * *." This section states further that "[s]aid certificate shall permit tax exemption * * * only for the portion of such pollution control facility or that part used exclusively for air or noise pollution control."

Transue's argument is basically that but for the necessity that it bring itself into compliance with EPA standards, it would have made none of the expenditures for capital

improvements being taxed and, therefore, all such new facilities were "designed primarily for the control of air pollution."

The commissioner maintains that that portion of the equipment concerning which he denied exemption is not "used exclusively for air or noise pollution control" as required under R. C. 5709.21, even if it might qualify as an air pollution control facility as defined in R. C. 5709.20. Therefore, since "[e]xemption from taxation is in derogation of rights of all taxpayers and effectively shifts a greater tax burden to the nonexempt * * *," it will be strictly construed against the one claiming its benefit. *Ohio Children's Society* v. *Porterfield* (1971), 26 Ohio St. 2d 30, 33.

The determinations by the commissioner were basically factual in nature. (Cf. *Statler Industries, Inc.,* v. *Bd. of Environmental Protection* [Me. 1975], 333, A. 2d 703.)

This court's scope of review is that of determining whether the board's decisions are reasonable and lawful (R. C. 5717.04) and, ordinarily, not to engage in factual determinations. The decision of the board, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.