MONSANTO COMPANY, APPELLANT, *v.* LINDLEY, TAX COMMR.,
APPELLEE.

(No. 78-23—Decided October 25, 1978.)

60

*Messrs. Porter, Wright, Morris & Arthur* and *Mr. Roger F. Day,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. James C. Sauer,* for appellee.

*Per Curiam.* R. C. 5717.04 limits the revisory jurisdiction of this court to determining whether the decision of the board is reasonable and lawful. *Wheeling Steel Corp.* v. *Evatt* (1944), 143 Ohio St. 71, 77.

The assessments in the instant cause were made by the commissioner pursuant to authority granted to him under R. C. 5709.01, which authorizes the taxation of personal property used in business. Taxpayer does not question the commissioner's authority to tax the personal property used in the production of plastic at its Addyston plant. Rather, the issue in this cause involves the proper valuation of those assets for tax purposes.

R. C. 5711.18 sets forth the manner in which personal property used in business shall be listed and valued. This section states, in pertinent part:

" * * * In the case of personal property used in business, the book value thereof less book depreciation at such time shall be listed, and such depreciated book value shall be taken as the true value of such property, *unless the assessor finds that such depreciated book value is greater or less than the then true value of such property in money.* * * * " (Emphasis added.)

The correct reading of this statute is that depreciated book value is true value unless the Tax Commissioner makes a proper finding that true value is other than depreciated book value. We are not concerned here with "book value," but with whether the commissioner made a proper determination that the true value of the assets was other than "depreciated book value."

In order to promote industry-wide uniformity in determining the true value of depreciable property used in business, the commissioner has prescribed composite annual allowances to be used in lieu of book depreciation. These composite annual allowances are contained in what has become commonly known as the commissioner's published "302 computation" directive. In *Wheeling Steel Corp.* v. *Evatt, supra,* at page 83, Judge Turner stated that even though the "302" directive was not duly promulgated and filed as a rule, "such [a] rule * * * is within the powers delegated to the Department of Taxation."

This court has long recognized that the allowances contained in the directive are only *prima facie* true value. *Wheeling Steel Corp.* v. *Evatt, supra; W. L. Harper Co.* v. *Peck* (1954), 161 Ohio St. 300; *Adams* v. *Bowers* (1958), 167 Ohio St. 389; *Gahanna Heights, Inc.* v. *Porterfield* (1968), 15 Ohio St. 2d 189; *Syro Steel Co.* v. *Kosydar* (1973), 34 Ohio St. 2d 9. In essence, these cases have determined that while it is proper to ascertain true value by utilizing and following the Tax Commissioner's directives, such directives must be applied so that they are subject to adjustment, not only when special or unusual circumstances or conditions of use exist, but also when evidence shows that rigid application would be inappropriate.

In the normal situation it is the taxpayer who argues that special circumstances exist or that the evidence shows that the annual allowance in the "302" directive does not reflect true value. Here, however, it is the commissioner who has determined that the application of the directive does not reflect true value.

Both the taxpayer and the commissioner presented evidence to the board, attempting to prove the true value of the assets. Taxpayer presented evidence of the results of a disposal study, using the Department of Taxation's own method of analysis, which disclosed that the average life of the machinery actually retired at the Addyston plant during the years 1969-1974 was 9.91 years. Taxpayer also attempted to establish that 75 percent of its equipment was custom made and that the plastics industry is

in a constant state of technological change, resulting in the taxpayer's addition of over $31,000,000 in new equipment between 1968-1974. Finally, taxpayer presented evidence to the board attempting to prove that the average economic useful life of plastics production equipment ranged eight to twelve years.

The commissioner's sole witness was the tax agent who completed the audit. The agent made two single-page calculations. The agent's first calculation, called "Disposals as a Percentage of Total Investment," attempted to establish an average annual disposal rate of 1.04 percent for the taxpayer's equipment. This percentage translates into an average useful life of 96 years despite the agent's second calculation, called "Life Expectancy Based on Rate of Disposals," asserting a life expectancy of 265 years for the equipment.

After considering the evidence presented, the board found that the commissioner's determination of the true value of the taxpayer's machinery and equipment at the Addyston facility was not arbitrary, unreasonable, or unlawful.

The board is vested with wide discretion in determining the weight to be given to evidence and the credibility of witnesses which come before it. *American Steel & Wire Co. of New Jersey* v. *Bd. of Revision* (1942), 139 Ohio St. 388; *Benedict* v. *Bd. of Revision* (1959), 170 Ohio St. 62; *Shaker Square Co.* v. *Bd. of Revision* (1960), 170 Ohio St. 369; *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13, paragraph three of the syllabus. It is not the function of this court to substitute its judgment for that of the board on factual issues, but only to determine from the record whether the decision rendered by the board is unreasonable or unlawful. *Buckeye Power* v. *Kosydar* (1973), 35 Ohio St. 2d 137, paragraph one of the syllabus; *Board of Edn. of Cleveland Hts. City School Dist.* v. *Evatt* (1940), 136 Ohio St. 283, paragraph two of the syllabus; *Brennan* v. *Bd. of Tax Appeals* (1963), 175 Ohio St. 263.

Thus, the proper scope of this court's review of the

board's decision in the instant cause is solely to determine from the record if the board's decision is supported by any probative evidence. *Alcoa* v. *Kosydar* (1978), 54 Ohio St. 2d 477, 481.

After carefully reviewing the record in this cause, this court is unable to find any probative evidence to support the board's finding that the five percent depreciation rate applied by the commissioner reflects the true value of the assets. The only evidence in the record that could conceivably support the finding of the board is the testimony of the tax agent, who had been employed by the Department of Taxation for only two years and who had absolutely no experience with the plastics industry. The testimony given and the exhibits introduced by the agent were offered to prove that the useful lives of the assets were 96 and 265 years, respectively. In light of the common experience with regard to manufacturing equipment, we find from examination of these exhibits that they are of no probative value whatever. Since the agent's testimony and calculations are the only evidence in the record upon which the board could have relied, this court concludes that the decision of the board is unreasonable and unlawful.

The decision of the board is, therefore, reversed.

*Decision reversed.*

LEACH, C. J., HERBERT, W. BROWN, P. BROWN and LOCHER, JJ., concur.

CELEBREZZE and SWEENEY, JJ., dissent.