SUN OIL COMPANY, APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE, ET AL.

(No. 78-274—Decided December 7, 1978.)

*Messrs. Eastman, Stichter, Smith & Bergman, Mr James E. Kline, Mr. David L. Kuhl* and *Mr. C. Steven LeBaron,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. James C. Sauer,* for appellee.

*Per Curiam.* The issue to be resolved in this cause is whether the determination of the Board of Tax Appeals not to exempt from taxation various components and costs of appellant's "pollution control facility," was reasonable and lawful. R. C. 5717.04; *Transue & Williams, Inc., v. Lindley* (1978), 54 Ohio St. 2d 351, 376 N. E. 2d 1341.

R. C. 5709.21, in applicable part, authorizes the Tax Commissioner to exempt from taxation facilities "designed primarily for the control of air * * * pollution," if such facilities are reasonably adequate and intended for such purpose. The statute provides further that the amount of the exemption shall be calculated based upon the value of that portion or part of the facility "used exclusively for air * * * pollution control."

At the outset, appellant contends that the General As-

sembly, in providing that only property "used exclusively for air * * * pollution control" is eligible for exemption from taxation pursuant to R. C. 5709.21, did not intend to tax property whose purpose is primarily pollution control but which also provides incidental benefits to the taxpayers's production processes.

The constitutional requirement of tax uniformity is *pro tanto* violated by statutes which exempt property from taxation. Statutory language, when construction is required, must be construed most strongly against the exemption. *Transue & Williams, Inc.,* v. *Lindley, supra; Ohio Ferro-Alloys Corp.* v. *Donahue* (1966), 7 Ohio St. 2d 29, 218 N. E. 2d 452.

Thus, this court has generally disallowed a tax exemption when property required to be "used exclusively for charitable purposes," under R. C. 5709.12, serves both a charitable purpose and an incidental private one* (see, *e. g., Philada Home Fund* v. *Bd. of Tax Appeals* [1966], 5 Ohio St. 2d 135, 214 N. E. 2d 431) or when public property required by statute to be "used exclusively for a public purpose," pursuant to R. C. 5709.08, is found to serve public and private objectives. See, *e. g., Dayton* v. *Roderer* (1977), 50 Ohio St. 2d 159, 363 N. E. 2d 740; *Cleveland* v. *Perk* (1972), 29 Ohio St. 2d 161, 280 N. E. 2d 653, citing at page 166: *Carney* v. *Cleveland* (1962), 173 Ohio St. 56, 180 N. E. 2d 14; *Troy* v. *Board* (1954), 160 Ohio St. 451, 116 N. E. 2d 725; *Division* v. *Board* (1948), 149 Ohio St. 33, 77 N. E. 2d 242; and *Cincinnati College* v. *State* (1850), 19 Ohio 110. Hence it is our conclusion that R. C. 5709.21, which exempts from taxation personal property "* * * used exclusively for air * * * pollution control,"

---

*The General Assembly defined the meaning of the term "used exclusively for charitable or public purposes" in R. C. 5709.121, effective October 24, 1969. All pertinent prior inconsistent interpretations of the phrase have yielded to this legislative mandate. *Galvin* v. *Masonic Toledo Trust* (1973), 34 Ohio St. 2d 157, 296 N. E. 2d 542. However, no such guidance has been provided for us in the field of air pollution control equipment. Apparently, in this case, the General Assembly intended that "exclusively" should mean "exclusively."

does not permit exemption of property which serves a pollution control purpose and also provides an incidental function which benefits the taxpayer's production processes.

Appellant argues further that the board incorrectly determined that $3,736,740 in off-site costs disbursed by appellant were ineligible for exemption because these costs did not augment the overall aggregate value of the FCC unit. Appellant maintains that these costs constitute a portion of the aggregate value of the unit and that the board's determination not to allocate these off-site costs between the exempt and nonexempt portions of the unit was unreasonable and unlawful.

The record shows that the board included the $3,736,740 in off-site costs when it computed the aggregate value of the FCC unit and, therefore, it incorrectly stated that such costs do not constitute a part of the unit's aggregate value.

This error does not, however, warrant a reversal of this cause. The board, after weighing the evidence, held that appellant did not establish that these costs augmented the value of any of the specific components of the FCC unit found to be exempt. It is a familiar rule that in order for a taxpayer to derive the benefit of a statutory exemption from taxation, it must be proven that the property in question satisfies each and every requirement of the exempting statute. *Dayton Sash & Door Co.* v. *Kosydar* (1973), 36 Ohio St. 2d 120, 304 N. E. 2d 388; *Ohio Children's Society* v. *Porterfield* (1971), 26 Ohio St. 2d 30, 268 N. E. 2d 585. Appellant's evidence does not establish that these off-site costs related to specific items of property used exclusively for air pollution control.

For example, appellant's accounting worksheets merely itemized each off-site expenditure without reference to the part of the FCC unit to which they were related. Moreover, appellant demonstrated that various off-site costs were disbursed for the design, construction and installation of the entire unit, but failed to show a relationship between the costs and the specific components of the unit used exclusively for air pollution control.

Wide discretion is given the board in evaluating the evidence presented before it and, absent a showing that the board's findings are unlawful or unreasonable, this court will not impose its judgment on factual matters. *Monsanto Co.* v. *Lindley* (1978), 56 Ohio St. 2d 59, 381 N. E. 2d 939; *Buckeye Power* v. *Kosydar* (1973), 35 Ohio St. 2d 137, 298 N. E. 2d 610 (paragraph one of the syllabus).

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

Leach, C. J., Herbert, Celebrezze, W. Brown and Sweeney, JJ., concur.

P. Brown and Locher, JJ., dissent.

Paul W. Brown, J., dissenting. Where, in the erection of a facility any portion of expense can be identified as required exclusively for air pollution control, a certificate of exemption is authorized by R. C. 5709.21. The purpose of this and related sections is to encourage design which brings about cleaner air. Inherent in the overall scheme is recognition of the fact that such design usually results in greatly increased expense. Such expense if clearly identifiable is certifiable as exempt. The "black box" or "component" approach to exemption used by the Board of Tax Appeals is in my opinion destructive of legislative intent evident in the statute.

Locher, J., concurs in the foregoing dissenting opinion.