AIRPORT PARTNERS, LTD. et al., Appellants,

v.

LIMBACH et al., Appellees.

[Cite as *Airport Partners, Ltd. v. Limbach* (1989), 63 Ohio App.3d 141.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55404.

Decided May 30, 1989.

Thomas M. Carolin, for appellant Airport Partners, Ltd.

John T. Corrigan, Prosecuting Attorney, and Saundra Curtis-Patrick, assistant prosecuting attorney, for intervening appellant Cuyahoga County.

Anthony J. Celebrezze, Jr., Attorney General, and Floyd J. Miller, Jr., Assistant Attorney General, for appellees.

DYKE, Judge.

Appellant, Airport Partners, Ltd. ("APL"), appeals from a decision of the Ohio Board of Tax Appeals which affirmed the Tax Commissioner's denial of APL's application for a real property tax exemption and remission. Appellant, the Cuyahoga County Board of Commissioners, intervened before the hearing. APL raised the following assignment of error:

"The decision of the Board of Tax Appeals which denied the application for exemption of real property is unreasonable and unlawful; contrary to law and against the manifest weight of the evidence."

Appellant Cuyahoga County owns the land upon which Cuyahoga County Airport is situated and leased a portion of that land to APL. APL erected a building on part of the land. The county has no terminal exclusively for the passengers. APL and the county agreed that as a condition of the lease agreement land would be set aside for two public parking lots and 5,132 of the 40,730 square feet in the building (a lavatory, a rear waiting room, a lobby area, and a front entrance vestibule) would be reserved for the public. APL has leased space in the building to tenants who use the same entrances and exits to the building as the public.

Appellant APL sought the exemption pursuant to R.C. 5709.08 and 5709.10.[1] The Board of Tax Appeals cited Carney v. Cleveland (1962), 173 Ohio St. 56, 18 O.O.2d 256, 180 N.E.2d 14, which stated that under R.C. 5709.08 there are

---

1. R.C. 5709.10 is not applicable and appellant does not discuss it.

three requirements: "(1) [T]he property must be a public property, (2) the use thereof must be for a public purpose, and (3) the property must be used exclusively for a public purpose." *Id.* at 58, 18 O.O.2d at 257, 180 N.E.2d at 16.

The board discussed two cases involving airports. The earlier case found that a privately owned building leased to a city for use with a publicly owned airport was not entitled to an exemption. *Toledo v. Jenkins* (1944), 143 Ohio St. 141, 151, 54 N.E.2d 656, 663. The later case held that a parking lot on a city-owned airport's property was not entitled to an exemption when it was leased to a private entity and operated primarily for off-street parking (not parking for airport passengers). *Cleveland v. Carney* (1958), 168 Ohio St. 305, 7 O.O.2d 31, 154 N.E.2d 752.

The board reasoned that APL's building was owned by a private entity and therefore was not public property. As to the land, the board concluded that although a public entity owns it, it is leased to a private entity which uses it as a parking lot and thus "ownership and use do not coincide." The board likened the land issue to that in *Cleveland v. Carney.*

The parties agree that the land used as a parking lot was owned by the county, leased to APL and used exclusively as a parking lot for the public using the county airport. Unlike the lessee in *Dayton v. Roderer* (1977), 50 Ohio St.2d 159, 4 O.O.3d 349, 363 N.E.2d 740, APL derived no profit from the lot. Unlike the lessee in *Cleveland v. Carney,* APL has not used the land primarily for a use other than a public use. The land is used as two parking lots for the public only. *Cleveland v. Carney* is not applicable.

However, *Carney v. Cleveland* is dispositive. There, corporations paid a small annual rental for city-owned land and built eight hangars for their own use on the land leased. Six of the eight hangars became city property once erected and two were to become city property at the termination of the lease.

"Where property of a municipally owned airport is leased for long periods by the municipality to private persons to serve their own purposes, an element of ownership passes to the lessees, and such property thereby loses its identity as public property used exclusively for a public purpose and is not exempt from taxation." *Carney v. Cleveland,* at paragraph two of the syllabus.

*Carney v. Cleveland* explained: " 'That part of the ownership vested in the private corporation by its lease thereafter ceases to be public property. The use * * * [is] by the private corporation.' " 173 Ohio St. at 58, 18 O.O.2d at 257, 180 N.E.2d at 16.

Thus, the land set aside for parking lots is not public property exclusively used for a public purpose since it is leased to APL for twenty-five years with an option for fifteen additional years. The consideration received in exchange for reserving the parking lot was the price arrived at for the lease of the land. Although the public has used the lots, the arrangement was part of a business deal and served APL's own purposes.

As to the areas in the building the lease provides that title to the building shall be in APL (page 15 of the lease) until the last day of the lease or upon earlier termination (page 13) at which time title in the premises (land and building—page 1) shall vest in the lessor (page 14).

The realty of a privately owned utility is not exempt even if the use is exclusively for public purposes. *Toledo v. Jenkins*, op. cit. In *Jenkins*, the lease to a public entity did not make it public property because there was a substantial fixed rental. The property was considered privately owned in *Carney* because of the lease for the private entity's purposes. Here, the property is privately owned until the lease terminates.

The decision of the board is not unlawful or unreasonable and is affirmed.

*Decision affirmed.*

MATIA, J., concurs.

ANN MCMANAMON, P.J., concurs in judgment only.