CITY OF SPRINGFIELD, Appellant,

v.

TRACY, TAX COMMR., Appellee.

[Cite as *Springfield v. Tracy* (1995), 105 Ohio App.3d 187.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 94 CA 99.

Decided June 30, 1995.

188

*Andrew J. Burkholder,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Janyce C. Katz,* Assistant Attorney General, for appellee.

GRADY, Judge.

The city of Springfield appeals from a decision of the Board of Tax Appeals, which held that a building owned by the city and leased by it to a private enterprise does not qualify for a tax exemption pursuant to R.C. 5709.08. The

city presents three assignments of error, which taken together argue that the decision of the Board of Tax Appeals is not reasonable and lawful, the relevant standard for appellate review of its decisions. *Am. Chem. Soc. v. Kinney* (1982), 69 Ohio St.2d 167, 23 O.O.3d 197, 431 N.E.2d 1007.

The building concerned is a bus maintenance garage that was erected by the city and thereafter leased by it for a nominal rent to the Springfield Bus Company, a private firm that operates a mass transit system in Springfield pursuant to city ordinances. Because the bus system operates at a loss, its operations are subsidized by the city with its own and other public monies. However, it is not disputed that the Springfield Bus Company is a for-profit business and that it uses the building it leases from the city in support of that goal, as the Board of Tax Appeals has found.

R.C. 5709.08 states, in part: "Real or personal property belonging to the state or United States used exclusively for a public purpose, and *public property used exclusively for a public purpose,* shall be exempt from taxation." (Emphasis added.) R.C. 5709.121(B) defines property used exclusively for public use to include property that "is made available under the direction or control of such * * * political subdivision for use in furtherance of or incidental to its * * * public purposes and *not with a view to profit.*" (Emphasis added.)

The property concerned is owned by a political subdivision of the state, the city of Springfield, which makes it available to the Springfield Bus Company for the company's use at the city's direction in furtherance of a public purpose of the city, operation of a public transit system. The only real issue is whether the company's operation of the system "with a view to profit" fails the requirement of R.C. 5709.08 of exclusive use for a public purpose.

The real property of a municipally owned public transit system used solely for mass transportation of its residents is "public property used exclusively for a public purpose" within the meaning of R.C. 5709.08. *Cleveland v. Bd. of Tax Appeals* (1958), 167 Ohio St. 263, 4 O.O.2d 309, 147 N.E.2d 663. The fact that the public purpose concerned is of a proprietary nature does not remove the activity from the R.C. 5709.08 exemption. *Columbus v. Delaware* (1956), 164 Ohio St. 605, 59 O.O.10, 132 N.E.2d 747. However, when a private enterprise is given the opportunity to occupy public property to make a profit, the property loses its identity as public property and its use cannot be said to be *exclusively* for a public purpose, even though the activity concerned serves the public interest and performs a public function. *Cleveland v. Perk* (1972), 29 Ohio St.2d 161, 58 O.O.2d 354, 280 N.E.2d 653; *Dayton v. Roderer* (1977), 50 Ohio St.2d 159, 4 O.O.3d 349, 363 N.E.2d 740.

■ The city of Springfield cites and relies on the decision of the Board of Tax Appeals in *Darke Cty. Bd. of Commrs. v. Limbach* (May 1, 1992), No. 89–G–138, unreported, for the proposition that use of public or charitable property by a lessor engaged in a for-profit business does not take the property outside the R.C. 5709.08 exemption. However, a careful reading of that decision indicates that it was largely based on the special provisions of R.C. Chapter 5155, regarding county homes and crops grown thereon, which are not applicable here. Therefore, we believe that the decision in *Darke Cty.* does not affect the determination here.

Use of the city's bus maintenance garage by the Springfield Bus Company, though it serves a public purpose, creates a use that is not exclusively for a public purpose because the Springfield Bus Company uses the building in support of its for-profit operations. Therefore, the decision of the Board of Tax Appeals that the building does not qualify for an exemption from taxation pursuant to R.C. 5709.08 is reasonable and lawful. The assignments of error, therefore, are overruled.

■ The city of Springfield also argues that, even if the use by the Springfield Bus Company removes the building from the tax exemption, the Board of Tax Appeals erred in denying the exemption for the period prior to March 1, 1992, when it was first leased to the Springfield Bus Company. The city also argues that the company occupied the building in November 1991, and that prior to that date the building was used and occupied by the city.

The property concerned was acquired by the city from private owners in 1986 and 1987 and the city erected the building on it thereafter. It appears that the city's application for exemption concerns the period since its ownership began.

The Board of Tax Appeals made no finding as to when the building lost its R.C. 5709.08 exemption by reason of its use by the Springfield Bus Company or whether it qualified for an exemption before that use began. The case will be remanded for that determination.

The order of the Board of Tax Appeals is affirmed in part and reversed in part, and the matter is remanded for further proceedings.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.