CITY OF CLEVELAND *v.* UNITED STATES ᴇᴛ ᴀʟ.

NO. 68.

Argued December 6, 1944.—Decided January 2, 1945.

*Mr. Joseph F. Smith* argued the cause (*Mr. Robert M. Morgan* entered an appearance) for appellant in No. 68. *Mr. Ralph W. Edwards,* with whom *Mr. Frank T. Cullitan* was on the brief, for appellants in No. 69.

*Mr. C. Watson Hover,* with whom *Messrs. Carson Hoy* and *Frank M. Gusweiler* were on the brief, for Guckenberger; and *Mr. Walter K. Sibbald* was on a brief for Skirvin, appellees in No. 388.

*Mr. Robert L. Stern,* with whom *Solicitor General Fahy, Assistant Attorney General Littell,* and *Messrs. Vernon L. Wilkinson* and *David L. Krooth* were on the briefs, for appellees in Nos. 68 and 69 and appellant in No. 388.

By special leave of Court, *Mr. Francis M. Thompson* for the Ohio Real Estate Association, as *amicus curiae* in Nos. 68 and 69, urging reversal; and *Mr. Francis T. Bartlett* for the Cincinnati Metropolitan Housing Authority, as *amicus curiae* in No. 388, urging reversal.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

These appeals present the same question of substantive law and will be dealt with in a single opinion.

In No. 68 the appellees sought an injunction against the taxing officials of Cuyahoga County, Ohio, and those of the City of Cleveland, to restrain them from attempting to assess and collect taxes, pursuant to the laws of Ohio, on lands acquired by condemnation and owned by the appellees in the city and county. A preliminary injunction was issued but, pursuant to stipulation, the court proceeded at once to hear the case on the merits, and entered a final injunction.[1]

---

[1] 52 F. Supp. 906.

The lands involved were acquired by the United States by condemnation under the National Recovery programme for low-cost housing projects. The Federal Public Housing Authority then erected low-cost dwelling units which were leased to Cleveland Metropolitan Housing, a State of Ohio authority. The latter has sublet the units to tenants for residence purposes.

The appellant contended that the United States Housing Act of September 1, 1937,[2] is unconstitutional because Congress has no power under the Constitution to establish low-cost housing projects.

A majority of the court below held the federal statute authorized by the Constitution.[3] Its reasoning was that even though the evils of bad housing are local in their origin, their effect may become so widespread as to create a menace to the national welfare and that Congress is empowered to deal with the subject in that aspect. The dissenting judge was of the view that the project amounted merely to an embarkation by the federal Government in a private business and that the Government could not do this in such a way as to immunize the property employed from normal state taxation to support local police and other services required by the community of which the housing project forms a part.

In No. 69 the appellees sought and were awarded an injunction against the collection of local taxes under like circumstances.

In No. 388 the United States Housing Authority applied for exemption from local property taxes pursuant to the law of Ohio,[4] in respect of a housing project in Cincinnati. The real estate had been purchased by the United States and devoted to a low-cost housing project pursuant to the

---

[2] 42 U. S. C. 1401 ff.

[3] Art. I, § 8, Cl. 1.

[4] Ohio General Code, §§ 5616, 5570–1.

federal statute.[5] The application was denied. Appeal was taken to the Supreme Court of Ohio.[6] The denial was affirmed on the grounds that no exemption was permitted by the constitution and statutes of the State and that refusal of the claimed exemption was consistent with the federal Constitution.[7] An appeal to this court was perfected.

Nos. 68 and 69 were heard and decided by a district court of three judges pursuant to § 266 of the Judicial Code.[8] The appellants insist that they do not act as officers of the State in the enforcement or execution of any state statute in collecting the taxes in question, and that § 266 therefore confers no jurisdiction on a three-judge court to hear the cause. We overrule this contention.

The section is inapplicable to suits challenging local ordinances or statutes having only local application.[9] But these cases involve state law the application of which is state-wide.[10] If the taxing officials were, in these instances, though acting under such a law, doing so as local officials and on behalf of the locality and not as officers of the State, the section is inapplicable to suits to restrain them.[11] Here, however, the officials were enforcing state laws embodying a state-wide concern and in the State's interest, and in such a case § 266 is applicable.[12] The jurisdiction of a court of three judges was properly invoked.

---

[5] *Supra,* note 2.

[6] Pursuant to §§ 1464, 1464–1 Ohio General Code (1942 Supp.).

[7] 143 Ohio St. 251; 55 N. E. 2d 265.

[8] 28 U. S. C. 380.

[9] *Ex parte Collins,* 277 U. S. 565; *Ex parte Public National Bank,* 278 U. S. 101; *Rorick* v. *Board of Commissioners,* 307 U. S. 208.

[10] See Ohio General Code §§ 5328, 5351.

[11] *Ex parte Collins, supra; Ex parte Public National Bank, supra.*

[12] *Spielman Motor Co.* v. *Dodge,* 295 U. S. 89; *Rorick* v. *Board of Commissioners, supra,* 212.

Little need be said concerning the merits. Section 1 of the Housing Act [13] declares a policy to promote the general welfare of the Nation by employing its funds and credit to assist the States and their political subdivisions to relieve unemployment and safeguard health, safety and morals of the Nation's citizens by improving housing conditions. Section 5 [14] provides in part, "The Authority, including but not limited to its franchise, capital, reserves, surplus, loans, income, assets, and property of any kind, shall be exempt from all taxation now or hereafter imposed by the United States or by any State, county, municipality, or local taxing authority." Section 13 authorizes agreements by the Authority to pay annual sums, not exceeding taxes which would otherwise be paid, in lieu of taxes.[15]

Challenge of the power of Congress to enact the Housing Act must fail.[16] And Congress may exempt property owned by the United States or its instrumentality from state taxation in furtherance of the purposes of the federal legislation. This is settled by such an array of authority that citation would seem unnecessary.[17]

The judgments in Nos. 68 and 69 are affirmed and that in No. 388 is reversed.

*Nos. 68 and 69 affirmed.*
*No. 388 reversed.*

---

[13] 42 U. S. C. 1401.

[14] 42 U. S. C. 1405 (e).

[15] 42 U. S. C. 1413.

[16] *United States* v. *Butler,* 297 U. S. 1, 64–67; *Steward Machine Co.* v. *Davis,* 301 U. S. 548, 586; *Helvering* v. *Davis,* 301 U. S. 619, 640.

[17] See, e. g. *Van Brocklin* v. *Tennessee,* 117 U. S. 151; *Pittman* v. *Home Owners' Loan Corp.,* 308 U. S. 21; *Federal Land Bank* v. *Bismarck Lumber Co.,* 314 U. S. 95.