**UNITED STATES v. DUKE BUILDING CORPORATION et al.**

**Civ. No. 2204–M.**

United States District Court
S. D. Florida
Miami Division.
Sept. 21, 1948.

Fred Botts, Asst. U. S. Dist. Atty., of Miami, Fla., for plaintiff.

Dan Chappell, of Miami, Fla., for defendants.

MIZE, District Judge.

On the 2nd day of April, 1946, the defendant, Duke Building Corporation, by and through Joseph H. Parker, its President, filed with the Federal Housing Administration at Miami, Florida, on Form CPA 4386, an application for a priority rating for the construction of five residence structures, and which priority was granted on the 3rd day of April, 1946. A stipulation was filed in this record to the effect that the four structures described in the bill of complaint and hereinafter particularly mentioned were built under the authority of such priority wherein the maximum sale price of said structures was fixed at the sum of $7,750. At the time said priority was granted, Priority Regulation 33 contained the following provision:

"(i) Notices In Advertisements And Deeds.

"(1) As long as this regulation remains in effect, a builder who has used the HH rating to get materials for a dwelling and every other person who has acquired title to a dwelling (whether completed or not) in which materials obtained with an HH rating have been incorporated must include a statement in substantially the following form in any deed, conveyance or other instrument by which the dwelling is sold, transferred or mortgaged to any other person:

"The building on the premises hereby conveyed was built (converted) under the Reconversion Housing Program of the Civilian Production Administration under Priorities Regulation 33 (Builder's Serial No. —) and an HH rating was used to get materials for the construction. Under that regulation a limit is placed on either the sales price or the rent for the premises or both and preferences are given to veterans of World War II in selling or renting. As long as that regulation remains in effect, any violation of these restrictions by the grantee or by any subsequent purchaser will subject him to the penalties provided by law. The above is inserted only to give notice of the provisions of Priorities Regulation 33 and neither the insertion of the above nor the regulation is intended to affect the validity of the interest hereby conveyed."

It appears from the stipulation of the parties and exhibits filed in evidence pursuant to said stipulation that on the 29th day of November, 1946, the defendant Duke Building Corporation executed a deed wherein it conveyed to Wilks B. Hale and Patricia Ann Hale, his wife, certain property described in said deed as "Lot 2, Block 2 of Parkers Shores, according to the plat thereof, recorded in Plat Book 45, at Page 68, of the Public Records of Dade County, Florida," and that said deed was filed for record in Deed Book 2787 at page 1, of the Public Records of Dade County, Florida; that on the 29th day of November, 1946, the defendant Duke Building Corporation executed a deed wherein it conveyed to Edgar H. White and Shirley A. White, his wife, certain property described in said deed as "Lot 3, Block 2 of Parkers Shores, according to the plat thereof, recorded in Plat Book 45, at Page 68, of the Public Records of Dade County, Florida," and that said deed was filed for record in Deed Book 2786 at page 541, of the Public Records of Dade County, Florida; that on the 27th day of December, 1946, the defendant Duke Building Corporation executed a deed wherein it conveyed to James C. Watkins and Virginia B. Watkins, his wife, certain property described in said deed as "Lot 4, Block 2 of Parkers Shores, according to the plat thereof, recorded in Plat Book 45, at Page 68, of the Public Records of Dade County, Florida," and that said deed was filed for record in Deed Book 2801, at page 26, of the Public Records of Dade County, Florida; that on the 29th day of November, 1946, the defendant Duke Building Corporation executed a deed wherein it conveyed to Roger C. Steiden and Betty Steiden, his wife, certain property described in said deed as "Lot 5, Block 2, Parkers Shores, according to the plat thereof, recorded in Plat Book 45, at Page 68, of the Public Records of Dade County, Florida", and that said deed was filed for record in Deed Book 2786 at Page 550, of the Public Records of Dade County, Florida. Not any of the deeds contained the warning notice hereinabove referred to, as is required by the act.

The defendants, Duke Building Corporation and Joseph H. Parker will be ordered, at their own expense, to prepare and cause to be placed of record in the public records of Dade County, Florida, a corrective deed wherein the property is conveyed to the identical grantees in the deeds above mentioned but containing the warning notice from Priority regulation 33 as hereinbefore stated, and the recording fees for said corrective deeds shall be paid by the defendants.

There was also an application of the government for a mandatory injunction requiring the defendants to pay to the purchasers severally the sum of $1,250 each alleged to have been unlawfully demanded and received by the said defendants. It appears from the stipulation of the parties that after the granting of the priority hereinbefore mentioned, which was given No. 66-066-01335, no application was made to the Federal Housing Administration for any change in said priority or increase in the sale price, nevertheless the defendant Duke Building Corporation, acting by and through the defendant, Joseph H. Parker, its President, did demand and receive as the sale price of "Lot 2, Block 2 of Parkers Shores, according to the plat thereof," from Wilks B. Hale and Patricia Ann Hale, his wife, the sum of $9,000.00; and did demand and receive as the sale price of Lot 3, Block 2 of Parkers Shores, ac-

cording to the plat thereof, from Edgar H. White and Shirley A. White, his wife, the sum of $9,000.00; and did demand and receive as the sale price of "Lot 5, Block 2, Parkers Shores, according to the plat thereof," from Roger C. Steiden and Betty Steiden, his wife, the sum of $9,000; and did demand and receive as the sale price of "Lot 4, Block 2 of Parkers Shores, according to the plat thereof" from James C. Watkins and Virginia B. Watkins, his wife, the sum of $9,000; and that the said sale price so demanded and received by said defendants was the sum of $1,250 above the maximum sale price as fixed in said priority.

■ The defendants, Duke Building Corporation and Joseph H. Parker, will be required to pay back to Wilks B. Hale and Patricia Ann Hale, his wife, the sum of $1,250 in cash, together with interest thereon at the rate of six per cent per annum; and to pay to Edgar H. White and Shirley A. White, his wife, the sum of $1,250 in cash, together with interest thereon at the rate of six per cent per annum; and to pay to James C. Watkins and Virginia B. Watkins, his wife, the sum of $1,250 in cash, together with interest thereon at the rate of six per cent per annum; and to pay to Roger C. Steiden and Betty Steiden, his wife, the sum of $1,250 in cash, together with interest thereon at the rate of six per cent per annum.

All the facts hereinabove were admitted by the defendants, but after the Government had rested the defendants stated they expected to prove as their defense that the prospective purchasers, before the houses were completed and before any contract of sale had been entered into, had requested the defendants to make alterations and changes in the houses and that they would pay the cost of the extras. The defendants thereupon agreed with the prospective purchasers that they would make the changes and would let them have the houses as thus altered for the sum of $7,750 plus the actual cost of the changes and that these changes would be made without using any priority materials. The defendants would show that with the consent of each purchaser and at his request the defendants did put in tile bath rooms and window sills, two interior coats of paint and plastered and painted the garage, and that these changes with a few others ran the cost of the respective houses up to $9,000. That in making these additions and changes no critical materials were used. That as a matter of fact the defendants lost money on the transaction. That when these requests were made for alterations the houses were nearly complete and the defendants would have sold them at $7,750 each if they had been completed as called for by their application for the priority rating. That after the houses were completed with the additions as requested by the purchasers, the purchasers completed the sale with full knowledge of the changes and cost and accepted same without any protest. The defendants admitted they did not apply for any authority to the FHA for a change order.

■ I am of the opinion the proposed defense will not avail the defendants. It was the purpose of Congress to insure a fair distribution of critical materials when it passed the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., and whoever received a priority rating bound himself to comply with the terms of his application which in this instance fixed the selling price at $7,750. If for some valid reason he desired a change of plans or price it was necessary that he make written application to the Administrator and receive prior authority from him before making any change. Congress declared a general policy and one who takes advantage of the act must follow its terms strictly. His accepted application amounts to a contract with the government and the only way he can deviate from its terms is as authorized by the act. In this case the defendants agreed if given a priority rating they would build these houses according to the plans filed and sell them for $7,750. They are bound by it. They cannot plead estoppel or agreement to the contrary of the application without first receiving authority from the Administrator. If this were not the law one could very easily evade its terms after having received his priority rating and this is one of the things Congress intended should not be done.

It was within the power of Congress to pass this act and its purpose was for the general welfare of the nation. City of Cleveland v. United States et al., 323 U.S. 329, 65 S.Ct. 280, 89 L.Ed. 274.

Judgment will therefore be entered for the government and order may be prepared accordingly.