**TEEVAL CO., Inc. v. CITY OF NEW YORK et al. (UNITED STATES, Intervenor).**

United States District Court
S. D. New York.
Jan. 23, 1950.

Shanley & McKegney, New York City, attorneys for plaintiff, by Robert S. Fougner, New York City.

John P. McGrath, New York City, attorney for defendant, by Anthony Curreri, Elmhurst, N. Y., and Alfred Weinstein, New York City.

Sylvan D. Freeman, New York City, attorney for intervenor, by Nathan Siegel, New York City.

RIFKIND, District Judge.

After this case was tried and while it was under the Court's consideration two events occurred which caused plaintiff to make the application about to be described. 1. The New York Court of Appeals, in F. T. B. Corporation v. Goodman, 300 N.Y. 140, 89 N.E.2d 865—held invalid the Sharkey Law, Local Law No. 73 of 1949 of The City of New York, because inconsistent with Article 83 of the New York Civil Practice Act. 2. On January 10, 1950, the Legislature of the State of New York with the approval of the Governor passed a statute whereby the Sharkey Law was "legalized and validated for the period from the enactment thereof up to and including May first, nineteen hundred fifty." Laws 1950, c. 1.

The plaintiff's application (1) seeks leave to file an amended complaint and to make the State of New York a party defendant; (2) requests the Court to convene a statutory court of three Judges pursuant to 28 U.S.C.A. § 2284, to hear an application for an interlocutory injunction; (3) requests a restraining order pending action by the statutory court.

■ Since plaintiff desires to allege events which have happened since the date of its original complaint, the appropriate pleading is not an amended complaint but a supplemental complaint. Rule 15(d), F.R. Civ.P., 28 U.S.C.A. Permission to serve a supplemental complaint is granted.

■ The request to make the State of New York a party must be denied since the State has not consented to be sued. Indeed the State of New York by its Attorney General has appeared specially and has opposed the application. Nor has any reason been shown for making the State a party.

■ The application for the convening of a statutory court is denied. Neither the complaint nor the proposed complaint seek "an interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute * * *." 28 U.S.C.A. § 2281.

■ The challenged legislation affects only the City of New York. The officials to be restrained are municipal officials. It matters not whether the Sharkey Law was enacted pursuant to previously enacted State enabling legislation or whether it was validated by a subsequently enacted validating statute. Nor does it matter that district attorneys may enforce the municipal legislation. Though such officers are State officers when discharging State functions they are local officers when executing local functions. Nor does it matter that the challenge to the Sharkey Law is founded upon its alleged incompatibility with a Congressional policy of nationwide concern.

These conclusions I draw from a comparison of those decisions which have held a statutory court appropriate with those which have rejected the statutory court. Spielman Motor Co. v. Dodge, 1935, 295

654

U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322; Watch Tower Bible and Tract Society v. Bristol, D.C.Conn., 1938, 24 F.Supp. 57, affirmed 305 U.S. 572, 59 S.Ct. 246, 83 L.Ed. 361; City of Cleveland v. U. S., 1945, 323 U.S. 329, 65 S.Ct. 280, 89 L.Ed. 274; A. F. of L. v. Watson, 1946, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873. Ex Parte Collins, 1928, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990; Public National Bank of New York v. Keating, D.C. S.D.N.Y., 1928, 29 F.2d 621; Ex Parte Public National Bank of New York, 1928, 278 U.S. 101, 49 S.Ct. 43, 73 L.Ed. 202; Rorick v. Board of Commissioners, 1939, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242; Phillips v. U. S., 1941, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800.

The renewed application for a temporary restraining order is denied.

The motion is granted to the extent of authorizing plaintiff to serve and file a supplemental complaint to which the defendants will plead within ten days after it is served; otherwise the motion is denied.