Herbert, J.
In 1954, the council of the city of Columbus passed ordinance No. 452-54, amending and supplementing ordinance No. 88-51 (as amended by ordinance No. 438-52), to provide for the issuance of revenue bonds for the purpose of acquiring real estate and building thereon off-street parking facilities.
Ordinance No. 88-51 was considered in the case of State, ex rel. Gordon, City Atty., v. Rhodes, Mayor, 156 Ohio St., 81, 100 N. E. (2d) 225. Paragraphs one and three of the syllabus in that case, pertinent here, state:
“1. Under the home-rule amendments to the Constitution of Ohio (Section 3 et seq. of Article XVIII), an Ohio municipality, which has not adopted a charter provision to the contrary, has the power to acquire, maintain, and operate off-street facilities for the sole purpose of parking motor vehicles if the traffic conditions in such municipality are such as to warrant a determination by the legislative body of the municipality that the operation of such off-street parking facilities is necessary and that they will serve a public municipal purpose.
Í i # # *
“3. "Where the acquisition, maintenance, and operation of off-street parking facilities by a municipality constitute the serving of a public municipal purpose, the municipality has the power under the Constitution of Ohio, without the aid of statutory enactment, to authorize and issue revenue bonds secured only by a mortgage upon those facilities and the revenues derived therefrom, and which bonds are not payable, either as to interest or principal, out of money derived from taxation.”
*258 Ordinance No. 452-54 provided for the immediate issuance of bonds in the amount of $1,450,000 of the $4,000,000 authorized in ordinance No. 88-51 for the purpose of the acquisition of the property on East Long Street and the construction and operation of a parking garage thereon. The garage was opened to serve the public early in 1955 and a complete statement of its operations showing all receipts, disbursements and bond requirements from its opening through the first half of 1956 is contained in the stipulations.
The entry of the Board of Tax Appeals, denying appellant’s application for tax exemption, states, in part:
“It is noted in this case that applicant relies on the general exemption section of the Revised Code relating to publicly owned property (Revised Code 5709.08) for its right to tax exemption. However, we feel that Revised Code Section 717.05, and especially the last sentence thereof, which provides that ‘real estate acquired under this section shall not be tax exempt,’ expresses the general legislative intent that off-street parking facilities should not be tax exempt. We realize that the subject property was not acquired by the city of Columbus under the provisions of Revised Code Section 717.05, but we think that Revised Code Sections 5709.08 and 717.05 should be read ‘in pari materia’ insofar as they pertain to the tax status of this particular type of publicly owned property.”
The pertinent portion of Section 2 of Article XII of the Ohio Constitution, which has been under consideration by this court in many cases, both before and since its amendment in 1929, provides:
“* * * and without limiting the general power, subject to the provisions of Article I of this Constitution, to determine the subjects and methods of taxation or exemptions therefrom, general laws may be passed to exempt * * * public property used exclusively for any public purpose, but all such laws shall be subject to alteration or repeal # *
No portion of Article I seems pertinent here, although it may be noted that Section 2 of Article I provides, in part: “All political power is inherent in the people. * * * and no special privileges or immunities shall ever be granted, that *259 may not be altered, revoked, or repealed by the General Assembly.”
Section 5709.08, Revised Code (formerly Section 5351, General Code), provides:
“Real or personal property belonging to the state or United States used exclusively for a public purpose, and public property used exclusively for a public purpose, shall be exempt from taxation. * * *”
Section 717.05, Revised Code, originally enacted in June 1947 as Section 3939-2, General Code (122 Ohio Laws, 630), provides in its revised form:
“Municipal corporations may lay out, establish, construct, maintain and operate within their respective corporate limits, off-street parking facilities for motor vehicles * * * and for such purpose may acquire * * * any real estate * * * required for the construction of such parking facilities. In the exercise of the powers granted in this section for the acquisition of real estate, municipal corporations may exercise the power of eminent domain in the manner provided by Sections 719.01 to 719.21, inclusive, of the Revised Code. Such power of eminent domain shall not extend to or be exercised for the purpose of acquiring real estate owned, leased, or held by a public utility or railroad, or any real estate upon which off-street parking facilities, open to the general public have been established for a period of one year prior to the proposed acquisition thereof.
¿ *
“Real estate acquired under this section shall not be tax exempt.”
Our view, generally stated, is that Section 2 of Article XII of the Constitution gives to the Legislature very broad power in determining the subjects and methods of taxation or exemptions therefrom, and, unless manifestly arbitrary or unreasonable, such determination will not be disturbed by the courts.
In Dayton Metropolitan Housing Authority v. Evatt, Tax Commr., 143 Ohio St., 10, 53 N. E. (2d), 896, 152 A. L. R., 223, and in Youngstown Metropolitan Housing Authority v. Evatt, Tax Gommr., 143 Ohio St., 268, 55 N. E. (2d), 122, it was held that the property of state-authorized housing authorities is not exempt from real estate taxes,
*260 The decision in Federal Public Mousing Authority v. Guckenberger, Aud., 143 Ohio St., 251, 55 N. E. (2d), 265, holding that real estate of federally-authorized public housing authorities was likewise not exempt, was reversed in 323 U. S., 329, 89 L. Ed., 274, 65 S. Ct., 280.
Pertinent also to the issue here is the case of In re Application for Exemption of Real Property, from Taxation: City of Columbus v. County of Delaware, 164 Ohio St., 605, 132 N. E. (2d), 747, the syllabus of which states:
“1. Property owned by a municipal corporation is public property within the meaning of those words as used in Section 5709.08, Revised Code.
“2. The use of its property by a municipal corporation in furnishing a public utility service is a use thereof for a ‘public purpose’ within the meaning of those words as used in Section 5709.08, Revised Code. (City of Toledo v. Hosier, Treas., 54 Ohio St., 418, and City of Toledo v. Jenkins et al., Board of Tax Appeals, 143 Ohio St., 141, approved and followed.)
“3. A public purpose of a proprietary nature is still a public purpose within the meaning of Section 5709.08, Revised Code. (City of Toledo v. Hosier, Treas., 54 Ohio St., 418, and City of Toledo v. Jenkins et al., Board of Tax Appeals, 143 Ohio St., 141, approved and followed; Zangerle, Aud., v. City of Cleveland, 145 Ohio St., 347, and City of Cleveland v. Board of Tax Appeals, 153 Ohio St., 97, questioned and distinguished.)
“4. Where land owned by a municipal corporation has been prepared for use and is to be used by such corporation to contain and hold a reservoir of water to be sold and distributed by such corporation to its residents and to the residents of its suburbs, such land may be exempted from taxation under the provisions of Section 5709.08, Revised Code, as public property used exclusively for a public purpose, although it is located in a county other than that of the location of such municipal corporation. ’ ’
There is no question that the property involved here is public property used for a public purpose, within the meaning of Section 5709.08, Revised Code, but we must go further and ascertain the legislative intent in this area of tax exemption. We think this intent was made clear in 1947 when the Legislature *261 enacted what now appears as Section 717.05, Revised Code.
Clearly, a city may acquire real estate for off-street parking purposes under the authority of that section, and in such ease it would be controlled by the provision that such real estate shall not be tax exempt. For this court to hold, however, that a city might avoid the effect of this legislative intent by acquiring real property for an identical use in the exercise of its home-rule power (see State, ex rel. Gordon, v. Rhodes, supra), and thereupon claim exemption under the broad provisions of Section 5709.08, Revised Code, would lead to a discrimination and legal absurdity not to be contemplated, particularly in view of the requirement of Section 26 of Article II of the Ohio Constitution that all laws of a general nature shall have a uniform operation throughout the state.
In the case of Andrianos v. Community Traction Co., 155 Ohio St., 47, 97 N. E. (2d), 549, it was held (paragraph one of the syllabus) that a special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable. That principle is applicable here also. However, as stated by Hart, J., in his concurring opinion in the case of In re Application for Exemption of Real Property from Taxation: City of Columbus v. County of Delaware, supra, “the problem presented, if there be one, must rest with the legislative authority rather than the courts.”
We conclude, therefore, that Section 717.05, Revised Code, must be considered in pari materia with Section 5709.08, Revised Code, and that real property acquired and used by a municipality for off-street parking purposes is not exempt from taxation, whether such property was acquired under the provisions of the statute or the home-rule power of such municipality.
The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias and Bell, JJ., concur.