**ABERDEEN CABLE TV SERVICE, INC.,
a corporation, Walter A. Brown and
Stacy E. Brown, Plaintiffs,**

v.

**CITY OF ABERDEEN, SOUTH DAKO-
TA, a municipal corporation; J. Clifton
Hurlbert and William E. Hauck, as
Mayor and Members of the City Com-
mission of the City of Aberdeen; Fred
W. Gerdes, Bill Coester, A. W. Dona-
hue, Robert L. Nikolas and Hale Inman,
as Members of the City Commission of
the City of Aberdeen; Robert D. Mil-
ler, as City Attorney of the City of
Aberdeen; TV Signal Company of Aber-
deen, a corporation; and George E. Tar-
ver, Defendants.**

Civ. No. 71–4S.

United States District Court,
D. South Dakota, S. D.

April 15, 1971.

Ellsworth E. Evans and Richard Cutler, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for plaintiffs.

Roger E. Zylstra and Burt A. Braverman, of Cole, Zylstra & Raywid, Washington, D. C., for defendant TV Signal Co. of Aberdeen.

Before BRIGHT, Circuit Judge, NICHOL, Chief District Judge, and BOGUE, District Judge.

## MEMORANDUM OPINION

PER CURIAM.

Plaintiff, Aberdeen Cable TV Service, Inc., a South Dakota corporation, brings this suit to enjoin the City of Aberdeen, South Dakota, and its officers, from preventing plaintiff from delivering CATV service to the residents of the City of Aberdeen. Upon request of Chief District Judge Nichol, this three-judge court was convened to hear the case. We have reviewed this action and now find it inappropriate. We therefore dissolve this court and remand the cause to Judge Nichol for further proceedings.

At issue is the constitutionality of South Dakota Statutes 9–35–1 and 9–35–3 through 9–35–6. Section 9–35–1 enables municipalities in the State of South Dakota to regulate and franchise public utilities. Sections 9–35–3 through 9–35–6 specify formal procedures for granting franchises, including the requirement that the electors of the municipality approve the franchise by a majority of those voting. Pursuant to this authority, the Aberdeen City Commission, on August 12, 1968, enacted Ordinance No. 1187, Amended, which granted plaintiff the "non-exclusive right to erect, maintain and operate" a CATV system in the City of Aberdeen for a period of twenty years. The Ordinance was referred by petition to a vote of the city's electors and was defeated. The Ordinance, absent the approval of the electors of the City of Aberdeen, was held ineffective by the South Dakota Supreme Court in Aberdeen Cable TV Service, Inc. v. City of Aberdeen, 176 N.W.2d 738 (S.D.1970). That court ruled that plaintiff is a "public utility" within the purview of South Dakota Statutes 9–35–1 and 9–35–3,· and that, therefore, the proposed franchise required approval by the city's voters.

In this case, plaintiff attacks the constitutionality of the South Dakota statutes hereinbefore cited, in essence contending that the City of Aberdeen's implementation of these statutes (as construed by the South Dakota Supreme Court) infringes upon plaintiff's First Amendment right to free speech and deprives plaintiff of its right to due process of law. Plaintiff also claims that the statutes, as applied in this case, conflict with the Commerce Clause and the Federal Communications Act of 1934. Alternatively, plaintiff claims that its rights cannot be made to depend upon the outcome of an election, that no franchise is needed because of its agreement with the telephone company, and that the optional means of payment, specified in the franchise, to the City of three percent of its total gross receipts violates the Commerce Clause.

This three-judge court was convened under the authority of 28 U.S. C. § 2281 to hear plaintiff's claims. That statute requires a three-judge court to hear suits requesting

[a]n interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute * * *.

Thus, for a three-judge court to be convened, a state statute of state-wide application must be challenged. Likewise, a state officer must be a party defendant. A three-judge court is not required to hear suits against a local officer unless such officer is functioning pursuant to a state-wide policy and performing a state function. Moody v. Flowers, 387 U.S. 97, 101–102, 87 S.Ct. 1544, 18 L. Ed.2d 643 (1967). See Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed. 2d 701 (1971).

In Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1928), a suit was brought against the City of Phoenix to enjoin the city and its officers from proceeding under a resolution adopted by the city pursuant to a general enabling statute of Arizona. The Supreme Court held that the suit was not one for a three-judge court, stating:

> Though here the alleged unconstitutionality rests in the enabling statute, the case does not differ substantially from one where the sole claim is that a city ordinance is invalid. Moreover, the enabling act is not itself being enforced within the meaning of * * * [28 U.S.C. § 2281]. That act merely authorizes further legislative action to be taken by the city, as by the resolution here in question. It is that municipal action, not the· statute of a State, whose "enforcement, operation, or execution" the petitioner seeks to enjoin. [277 U.S. at 569, 48 S.Ct. at 586]

Here, plaintiff seeks to enjoin the City of Aberdeen and its officers from enforcing the South Dakota statutes in question, which require voter approval of the proposed franchise. We find no relevant distinction between this case and Collins, supra.

Plaintiff argues that the Supreme Court in Cleveland v. United States, 323 U.S. 329, 65 S.Ct. 280, 89 L.Ed. 274 (1945), held that a three-judge court was properly convened in a similar suit against county and city officials to enjoin their enforcement of a state law. Plaintiff cites Atkins v. City of Charlotte, 296 F.Supp. 1068 (W.D.N.C.1969), as reiterating that position. Cleveland, supra, is clearly distinguishable from the instant case, and the Supreme Court so indicated as follows:

> If the taxing officials were, in these instances, though acting under * * * [a state law, the application of which is state-wide], doing so as local officials and on behalf of the locality and not as officers of the State, the section is inapplicable to suits to re-

strain them. Here, however, the officials were enforcing state laws embodying a state-wide concern and in the State's interest, and in such a case * * * [28 U.S.C. § 2281] is applicable. [323 U.S. at 332, 65 S.Ct. at 282]

Plaintiff reads Atkins, supra, as interpreting the Supreme Court's decision in Cleveland, supra, to effectively eliminate the requirement that a state official be a party defendant. We think that is clearly not what the Supreme Court in Cleveland, supra, held.

Here, the officers of the City of Aberdeen are acting as local officials and on behalf of the locality, and thus, a three-judge court is inappropriate.