**MARTIN MITCHELL ENTERPRISES, INC., et al., Plaintiffs,**

**v.**

**John T. CORRIGAN et al., Defendants.**

**Civ. No. C 72-570.**

United States District Court,
N. D. Ohio, E. D.

Feb. 1, 1973.

Gold, Rotatori, Messerman & Hanna, Cleveland, Ohio, for plaintiffs.

John T. Corrigan, Pros. Atty., John Dowling, Asst. Co. Pros., and Jeffrey L. Kocian, Asst. Co. Pros., Cleveland, Ohio, for defendants.

Before WEICK, Circuit Judge, LAMBROS, District Judge, and KALBFLEISCH, Senior District Judge.

## MEMORANDUM AND ORDER

KALBFLEISCH, Senior District Judge.

This cause has been submitted upon the briefs, exhibits, stipulated facts, and oral argument.

On June 1, 1972, plaintiffs filed a complaint which requested injunctive and other equitable relief against defendants John T. Corrigan, Everett Chandler, Carlton Rush, and the City of Cleveland, Ohio, and further requested declaratory judgment to issue as to the constitutionality of section 4731.34 of the Ohio Revised Code and section 5.-5105 of the Codified Ordinances of the City of Cleveland.

Also, plaintiffs prayed that pursuant to the provisions of 28 U.S.C., §§ 2281 and 2284, a three-judge district court be "convened to hear and determine this case." This three-judge panel was designated on June 14, 1972.

The defendants are the Prosecuting Attorney for Cuyahoga County, Ohio; the Chief Police Prosecutor for the City of Cleveland, Ohio; the Commissioner of Building for the City of Cleveland, Ohio; and a municipal corporation existing under the laws of the State of Ohio.

■■ It is well settled that the provisions of the "Three-Judge Court Acts" have no application to municipal ordinances or to officers who are engaged in matters and performing duties of a purely local concern. See Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967); Cleveland v. United States, 323 U.S. 329, 65 S.Ct. 280, 89 L.Ed. 274 (1945) (under predecessor § 308); Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1920) (under predecessor § 266). Thus, this panel lacks jurisdiction to adjudicate those claims relating to defendants Chandler, Rush, and the City of Cleveland and to the provisions of section 5.5105 of the Codified Ordinances of the City of Cleveland.

The facts surrounding the plaintiffs' claims for relief against defendant Corrigan are simply stated. The plaintiff Martin Mitchell Enterprises, Inc. (Enterprises) is a corporation for profit organized under the laws of the State of Michigan with its principal place of business located in Oak Park, Michigan. It is engaged, with other advertising firms, in advertising the availability of abortion information provided by Mitchell Family Planning Services (Services), a nonprofit corporation. One method of advertising the availability of such information is outdoor sign advertising. Plaintiff Martin Mitchell is an officer of both Enterprises and Services and a resident of the State of Michigan.

Enterprises has actively sought, and acquired by lease, outdoor sign space in the City of Cleveland, Ohio. One lessor of outdoor sign space was plaintiff Julius Malkin, a resident of the State of Ohio, who owns a building located at 2528–36 Lorain Avenue, Cleveland, Ohio. Upon such occasions as a sign was painted or erected and such fact became known to the Office of the Prosecutor of Cuyahoga County, Ohio, a letter was mailed by that office to the lessor of the space. Plaintiff Julius Malkin received such a letter which stated in relevant part that:

"There has been brought to the attention of this office the fact that you are maintaining a very large sign advertising the availability of abortion information.

"In our opinion, the maintenance of such a sign is a violation of Section 4731.34 of the Revised Code of Ohio.

"We should like to call to your attention the fact that this office has brought suits in the Supreme Court of Ohio and in the Common Pleas Court of Cuyahoga County seeking the termination of activities which lead to abortions for compensation. We believe that your activities in allowing abortion information to be advertised is likewise an infraction of the Medical Practices Act.

"It is requested that you advise this office as to your intentions with re-

gard to terminating abortion advertising and, if your intention is to terminate, the date on which the sign will cease to be devoted to abortion purposes."

Similar letters were mailed to other persons who leased space to Enterprise, and in response to these letters two lessors removed the signs which had been placed upon their properties. However, plaintiff Julius Malkin has not removed the sign from his property nor have proceedings been instituted against him by defendant Corrigan.

The thrust of plaintiffs' argument is that section 4731.34 of the Ohio Revised Code is inapplicable to the course of conduct engaged in by the plaintiffs. Thus, it is alleged, the threatening letters received by the lessors of plaintiff Enterprises are in effect bad faith harassment by defendant Corrigan to stop the advertisement of abortion services in Cuyahoga County, Ohio. In the alternative, it is contended that if in fact the provisions of section 4731.34 of the Ohio Revised Code are applicable to the conduct of Enterprises' lessors, then that statute must be struck down as repugnant to the First, Ninth, and Fourteenth Amendments to the United States Constitution.

Defendant Corrigan argues, however, that plaintiffs have improperly categorized the letters sent by his office as threats of prosecution in order to acquire federal jurisdiction of this cause.

Section 4731.34 of the Ohio Revised Code is merely definitive in nature and provides as follows:

"A person shall be regarded as practicing medicine, surgery, podiatry, or midwifery, within the meaning of sections 4731.01 to 4731.60, inclusive, of the Revised Code, who uses the words or letters, 'Dr.,' 'Doctor,' 'Professor,' 'M.D.,' 'D.S.C.,' 'Pod.D.,' 'M.B.,' or any other title in connection with his name which in any way represents him as engaged in the practice of medicine, surgery, podiatry, or midwifery, in any of its branches, or who examines or diagnoses for compensation of any kind, or prescribes, advises, recommends, administers, or dispenses for compensation of any kind, direct or indirect, a drug or medicine, appliance, mold or cast, application, operation, or treatment of whatever nature, for the cure or relief of a wound, fracture or bodily injury, infirmity, or disease, provided that the treatment of human ills through prayer alone by a practitioner of the Christian Science church, in accordance with the tenets and creed of such church, shall not be regarded as the practice of medicine; and provided further that sanitary and public health laws shall be complied with, and that no practices shall be used which may be dangerous or detrimental to life or health and that no person shall be denied the benefits of accepted medical and surgical practices.

"The use of any such words, letters, or titles in such connection or under such circumstances as to induce the belief that the person who uses them is engaged in the practice of medicine, surgery, podiatry, or midwifery, is prima-facie evidence of the intent of such person to represent himself as engaged in the practice of medicine, surgery, podiatry, or midwifery."

█ Applying the facts in the instant case to the provisions of this statute, it becomes apparent that it does not apply to the conduct of the lessors of outdoor sign space. The plaintiffs do not use the titles provided therein or any other title to represent themselves as engaged in the practice of medicine, surgery, podiatry, or midwifery, or in any of their branches. Moreover, it is also readily ascertainable that the plaintiffs do not examine or diagnose for compensation of any kind nor do they prescribe, advise, recommend, administer, or dispense for compensation of any kind any "drug or medicine, appliance, mold or cast, application, operation, or treatment, of whatever nature, for the cure or relief of a wound, fracture or bodily injury, infirmity, or disease * * *." The ques-

tioned activities of plaintiffs are perhaps best described by counsel for plaintiffs when he states that:

"The fee received by plaintiffs constitutes compensation for the service performed by plaintiffs—the service of making information available to the general public concerning the availability of a particular type of medical procedure." Plaintiffs' Brief in Support of Claims Against Defendant Corrigan, at page 18 (Filed: September 25, 1972.)

Further, it would seem noteworthy that if the legislature had meant to construe advertising of products or procedures as the practice of medicine, it would have included the term "advertises" with the terms "examines or diagnoses * * * prescribes, advises, recommends, administers, or dispenses * * *." An individual of common understanding would not interpret this particular statute to draw the advertising of any "drug or medicine, appliance, mold or cast, application, operation, or treatment" within the scope of its definition. Thus the Court finds that the conduct of the plaintiffs does not fall within the purview of that definition advanced by section 4731.34 of the Ohio Revised Code and such statute does not suffer from unconstitutional overbreadth or vagueness.

The Court further finds that the defendant John T. Corrigan, through those persons within his control, has attempted to chill the dissemination of abortion information within the confines of Cuyahoga County, Ohio, through the guise of a letter which defendant claims is purely advisory in nature. Plaintiffs contend that to merely intimate that actions have been commenced in state courts is enough of a threat of prosecution to invoke the jurisdiction of this Court and rely on the case of Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963). However, the plaintiffs have failed to offer any evidence other than the text of the letter sent by defendant Corrigan's office and the fact that there was a subsequent removal of signs by two of the three lessors who received the letter. This evidence, in and of itself, is not sufficient proof of a threat of prosecution. "The constitutional question, First Amendment or otherwise, must be presented in the context of a specific live grievance." Golden v. Kwickler, 394 U.S. 103, 110, 89 S.Ct. 956, 960, 22 L. Ed.2d 113 (1969). Moreover, although the Court makes no finding in this regard, the oral argument discloses that the suits referred to in the letter hereinbefore quoted are of a civil nature.

Further, this Court is also mindful of the statement of Mr. Justice Black in the majority opinion in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1970), wherein he stated:

"A federal lawsuit to stop a prosecution in a state court is a serious matter. And persons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs in such cases." 401 U.S. at 42, 91 S.Ct. at 749.

The plaintiffs' fears of prosecution seem illfounded, in light of the evidence adduced by the Court, and therefore they have no standing to contest either the application or the construction of the statute in question.

It is therefore ordered that the statutory three-judge court convened by Chief Judge Harry Phillips on June 14, 1972, to hear the said action is dissolved and that the action shall proceed before a single district judge.