Beverly R. **WELLFORD**

v.

Basil R. **BATTAGLIA, in his capacity as Chairman of the Republican City Committee, et al.**

Appeal of Joseph S. **YUCHT et al.**

No. 72–1652.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) July 3, 1973.

Resubmitted Under Third Circuit Rule 12(6) Sept. 4, 1973.

Decided Sept. 21, 1973.

Kent Walker, State Sol., Richard S. Gebelein, Deputy Atty. Gen., Dept. of Justice of Del., Wilmington, Del., for appellants.

R. Franklin Balotti, Richards, Layton & Finger, Wilmington, Del., for appellee. Submitted Under Third Circuit Rule 12(6) July 3, 1973

Before GIBBONS and HUNTER, Circuit Judges.

Resubmitted Under Third Circuit Rule 12(6) Sept. 4, 1973

Before VAN DUSEN, GIBBONS and HUNTER, Circuit Judges.

**1152**

OPINION OF THE COURT

PER CURIAM.

█ Appellants, the defendants below, seek review of an order of the district court holding unconstitutional Section 3–300 of the Charter of the City of Wilmington, Delaware, and enjoining its enforcement. The charter provision imposes a requirement that a candidate for mayor of the city shall have been a resident of the city for at least five years at the time of his election. The plaintiff-appellee, a resident of the city for less than four years desires to be a candidate for mayor in the next election. On the authority of the charter provision the defendants in their several official capacities [1] declined to permit his candidacy. Since the City Charter has only local application, the suit was properly considered by a single district judge and appeal is to this court. *See, e. g.*, Cleveland v. United States, 323 U.S. 329, 332, 65 S.Ct. 280, 89 L.Ed. 274 (1945). On cross motions for summary judgment the district court held (1) that the constitutionality of the charter provision must be judged by the "compelling state interest" standard rather than the "any rational basis" standard, and (2) that the State of Delaware could advance no compelling state interest which would justify a five-year residency requirement for a city mayoral candidate. Wellford v. Battaglia, 343 F.Supp. 143 (D.Del.1972). We affirm.

█ The Supreme Court held in Turner v. Fouche, 396 U.S. 346, 362, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970), that while the Federal Constitution does not guarantee the right to hold public office, the equal protection clause of the fourteenth amendment does guarantee the right to be considered for such office without the burden of invidious discriminatory disqualifications. In that case the Court did not have to decide whether the real property ownership disqualification should be judged by the "compelling state interest" standard or the more flexible "rational basis" standard, for it could find no rational connection between school board membership and real property ownership. The district court could not find, nor can we, that there is no rational relationship between residence in Wilmington and the office of mayor. It found, however, that judged by the "compelling state interest" test the five-year requirement went far beyond what is reasonably required to achieve the state's objectives. Assuming the applicability of the higher standard, we agree that a residency requirement of five years duration has not been justified.

█ The district court concluded that the charter provision must be judged by the stricter standard because it interfered with two rights which the Supreme Court has held to be fundamental. The court concluded that the exclusion of certain candidates by virtue of a five-year residency requirement interfered with the right to vote of citizens of Wilmington. *See* Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972). It also concluded that the five-year residency requirement interfered with the potential candidate's right to travel. *See* Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). We agree that both rights are affected, that both have been held by the Supreme Court to be fundamental, and that the Court has required that state laws limiting them be judged by the "compelling state interest" standard.[2]

The judgment of the district court will be affirmed.

---

1. The appellants are members of the Board of Elections and Department of Elections of New Castle County, Delaware. An additional defendant, not an appellant, is the Chairman of the Wilmington Republican City Committee.

2. The facts of this case, including the length of the disqualification and the limited territory of the unit of government, distinguish it from Walker v. Yucht, 352 F.Supp. 85 (D. Del.1972).