Morgan Smith Executive Director Department of Local Affairs 1313 Sherman Street #518 Denver, Colorado 80203
Dear Mr. Smith:
This is in reply to your letter, of March 10, 1982, wherein you inquire as to whether the National Railroad Passenger Corporation (AMTRAK) is subject to ad valorem taxation in the State of Colorado.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Is AMTRAK exempt from taxation, other than on real property, in the State of Colorado?
 My conclusion is yes. Congress in the enactment of section 1171, of the Amtrak Improvement Act of 1981, has exempted all personal property of AMTRAK from taxation as well as improvements to real property attributable to improvements made by AMTRAK. It is my understanding that AMTRAK owns no real property in Colorado.
2. If so, what date is the exemption effective?
 Pursuant to section 1189 of the Amtrak Improvement Act of 1981 (Public Law 97-35, August 13, 1981) the effective date of the exemption is October 1, 1981.
3. How can this happen without AMTRAK being dissolved and becoming a direct agency of the Federal Government?
 The grant of power to make laws necessary and proper for carrying into execution all powers vested by the Constitution in the Government of the United States authorizes Congress to protect from state and local taxation the corporate instrumentalities which it has lawfully created.
ANALYSIS
By Public Law 97-35, dated August 13, 1981, known and cited as the Amtrak Improvement Act of 1981, Congress amended the Rail Passenger Service Act (45 U.S.C. § 501 et seq.). The Rail Passenger Service Act of 1970, Public Law 91-518, approved October 30, 1970, created the National Railroad Passenger Corporation as a profit corporation. Specifically, section 301 of the act creating the corporation reads as follows:
 Title III — Creation of a Rail Passenger Corporation § 301. Creation of the Corporation
 There is authorized to be created a National Railroad Passenger Corporation. The Corporation shall be a for profit corporation, the purpose of which shall be to provide intercity rail passenger service, employing innovative operating and marketing concepts so as to fully develop the potential of modern rail service in meeting the nation's intercity passenger transportation requirements. The Corporation will not be an agency or establishment of the United States Government. It shall be subject to the provisions of this Act and, to the extent consistent with this Act, to the District of Columbia Business Corporation Act. The right to repeal, alter, or amend this Act at any time is expressly reserved.
(emphasis added).
When the corporation was created in 1970, Congress did not exempt the corporation from state ad valorem taxation. However, by Public Law 97-35, dated August 13, 1981, the Amtrak Improvement Act of 1981, Congress, in section 1178 of subtitle F-Amtrak, amended section 306 of the Rail Passenger Service Act (45 U.S.C. § 546) by adding the following new subsection:
 (n) The corporation shall not be required to pay any additional taxes as a consequence of its expenditure of funds to acquire or improve real property, equipment, facilities, or right-of-way materials or structures used directly or indirectly in the provision of rail passenger service. For purposes of this subsection, `additional taxes' means taxes or fees (1) on the acquisition, improvement, or ownership of personal property by the Corporation; and (2) on real property other than taxes or fees on the acquisition of real property or on the value of real property which is not attributable to improvements made by the Corporation.
Congress provided that the above-cited section of the Improvement Act of 1981 would take effect on October 1, 1981 (§ 1189, Public Law 97-35).
Consequently, as of October 1, 1981, the personal property of AMTRAK in Colorado is not subject to ad valorem taxation. Real property, other than taxes and fees on the acquisition of the real property and the value of real property attributable to improvements made by the corporation, remains subject to state taxation. This office has been advised that AMTRAK does not have any real property in Colorado and that only personal property of the corporation has been taxed in prior years.
Consistent with the exemption provision cited above, Public Law97-102, dated December 23, 1981, making appropriations for the Department of Transportation and related agencies for the fiscal year ending September 30, 1982, in providing grants to AMTRAK, pertinently provides:
 Notwithstanding any other provision of law, none of the funds appropriated for the benefit of the Corporation pursuant to this Act or the revenues or other assets of the Corporation or any railroad subsidiary thereof shall be available for payment to any State, political subdivision of a State, or local taxing authority for any taxes or other fees levied on the Corporation: Provided, That notwithstanding any provision of law, the Corporation shall pay all taxes or other fees appropriately levied on its facilities in Beech Grove, Indiana.
As to questions 1 and 2, it is concluded that AMTRAK personal property is exempt from ad valorem taxation as of October 1, 1981. AMTRAK would be subject to tax prior to that date.
As to question 3, you are advised that as a general rule of law "the grant of power to make laws necessary and proper for carrying into execution all powers vested by the Constitution in the Government of the United States authorizes Congress to protect from state and local taxation the corporate instrumentalities which it has lawfully created." (71 Am.Jur.2dState and Local Taxation § 223)
When Congress constitutionally creates a corporation through which the Federal Government lawfully acts, Congress has power to protect the created entity by prescribing tax immunity.Federal Land Bank v. Bismarck Lumber Co., 314 U.S. 95,86 L.Ed. 65, 62 S.Ct. 1 (1941); Carson v. Roane-AndersonCo., 342 U.S. 232, 96 L.Ed. 257, 72 S.Ct. 257 (1951);Cleveland v. United States, 323 U.S. 329,89 L.Ed. 274, 65 S.Ct. 280 (1945).
While Congress created AMTRAK as a profit corporation and did not initially exempt the property of AMTRAK from state and local taxation, it must be conceded that Congress can provide that the agencies and instrumentalities created by Congress pursuant to law shall be exempt from state and local taxation. In creating the corporation, Congress provided in section 301 (Pub.L. 91-518) that the "right to appeal, alter, or amend this Act at any time is expressly reserved." Since Congress could have initially granted an exemption to AMTRAK from state and local taxation as AMTRAK was created pursuant to Congressional authority, Congress could rightfully provide for such exemption at a later date without dissolving the corporation as inferred in your inquiry.
SUMMARY
The personal property of AMTRAK located in Colorado is exempt from ad valorem taxation by Colorado taxing authorities effective October 1, 1981. If AMTRAK had real property in the state that real property, other than taxes or fees on the acquisition of such real property and the value of such real property attributable to improvements made by AMTRAK, would be subject to ad valorem taxation.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE RAILROADS
45 U.S.C. § 501
45 U.S.C. § 546
AFFAIRS, LOCAL, DEPT. OF Property Taxation, Div. of
Holding that Congress, in the enactment of the AMTRAK Improvement Act of 1981, has exempted all personal property of AMTRAK from taxation as well as improvements to real property attributable to improvements made by AMTRAK.