**STATE OF ALABAMA,
Plaintiff-Appellant,**

v.

**Richard LYNG, Secretary of the United
States Department of Agriculture,
Defendant-Appellee,**

**and**

**Mary Phillips, Alabama Council on Human Relations, Inc., and the National Anti-Hunger Coalition, Defendants-Intervenors-Appellees.**

No. 86–7635

Non-Argument Calendar.*

United States Court of Appeals,
Eleventh Circuit.

March 2, 1987.

Capell, Howard, Knabe & Cobbs, P.A., Richard H. Harris, Thomas S. Lawson, Jr., Montgomery, Ala., for plaintiff-appellant.

John F. Cordes, Virginia Strasser, U.S. Dept. of Justice, Civil Div., Washington, D.C., for defendant-appellee.

Lawrence F. Gardella, Legal Services Corp. of Ala., Montgomery, Ala., for Mary Phillips, et al.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

* Fed.R.App.P. 34(a); 11th Cir. R. 23.

PER CURIAM:

The judgment appealed is AFFIRMED based upon the Memorandum Opinion entered by the District Court on August 26, 1986 and attached hereto.

## MEMORANDUM OPINION

This cause is now before the Court on defendant's motion to dismiss, filed June 30, 1986, and defendant's motion to file its brief one day out of time, filed July 14, 1986. A hearing was held on said motions on July 16, 1986. Having considered the pleadings, motions, and briefs and arguments of the parties, the Court concludes that said motions are due to be granted.

Section 1505 of the Food Security Act of 1985, Pub.L. No. 99–198, 99 Stat. 1354 (codified as amended at 7 U.S.C. § 2013(a) (1985)), amended the Food Stamp Act of 1977 to proscribe states that participate in the administration of the Food Stamp Program from collecting state or local sales taxes on items purchased with food stamps. Plaintiff seeks a declaratory judgment that § 1505 is unconstitutional and that the Food Stamp Act requires the Secretary of Agriculture to provide food stamp benefits to all eligible households in Alabama regardless of whether the State of Alabama participates in the administration of the Food Stamp Program. Plaintiff also seeks an injunction preventing implementation of § 1505. Plaintiff contends that in enacting this amendment to the Food Stamp Act, Congress exceeded its spending power authority vested by Article I, Section 8, clause 1 of the United States Constitution, and violated the Tenth Amendment to the Constitution.

### Background

The food stamp program was developed to "promote the general welfare, [and] to safeguard the health and well-being of the Nation's population by raising levels of nutrition among low-income households." 7 U.S.C. § 2011. The program seeks to accomplish this ideal by enabling low-income households to "obtain a more nutritious diet through normal channels of trade by increasing food purchasing power for all eligible households who apply for participation." *Id.*

The ability of the food stamp program to satisfy the nutritional needs of this nation's poor and hungry has been adversely affected by some states' policies of charging sales tax on food items purchased with food stamps. Only thirteen states prohibit all sales tax on food stamp purchases, and seventeen states have a general sales tax on all such purchases. S.Rep. No. 145, 99th Congr., 1st Sess. 249–51, *reprinted in* 1985 U.S.Code Cong. & Admin.News 1103, 1676, 1915–17. The remaining states charge sales tax on some, but not all, food stamp purchases. Alabama charges a flat, four percent tax on all food purchases made with food stamps. Plaintiff also concedes that localities in Alabama charge an average of an additional two percent sales tax on such purchases.

Congress viewed the negative effects of this sales tax on food stamp purchases as twofold. First, Congress concluded the sales tax reduces the purchasing power of food stamp recipients. For example, Alabama's state and local sales taxes reduce the purchasing power of food stamps recipients by six percent. Clearly, Alabama's sales tax substantially hinders the food stamp program's efforts to help the very poor to eat.

Second, Congress felt that state taxation of food stamp purchases results in an indirect federal subsidy to such states because the tax is paid with food stamps. *Id.*, at 252, *reprinted in* 1985 U.S.Code Cong. & Admin.News at 1918. Congress therefore amended the Food Stamp Act to prohibit states that participate in administering the food stamp program from charging sales tax on purchases made with food stamps.

### Discussion

Courts have held innumerable times that the federal government may impose conditions on the receipt and use of federal funds. *See, e.g., Pennhurst State School v. Halderman,* 451 U.S. 1, 17, 101 S.Ct.

1531, 1539, 67 L.Ed.2d 694 (1981) (federal financial aid to states for care of disabled persons); *Fullilove v. Klutznick,* 448 U.S. 448, 474, 100 S.Ct. 2758, 2772, 65 L.Ed.2d 902 (1980) (federal grant conditioned on using 10% for minority business development); *Oklahoma v. United States Civil Service Comm'n,* 330 U.S. 127, 143–44, 67 S.Ct. 544, 553–54, 91 L.Ed. 794 (1974) (highway funds withheld if member of State Highway Commission held office in political party); *Oklahoma v. Schweiker,* 655 F.2d 401 (D.C.Cir.1981) (Medicaid); *Florida v. Mathews,* 526 F.2d 319 (5th Cir.1976) (Medicaid).

Plaintiff attempts to distinguish these cases on the ground that the federal benefits in such cases were extended directly to the states, which then disbursed the benefits to its citizens. In such cases, the state could refuse the federal aid if it did not want to satisfy the federal government's conditions.

Plaintiff argues that the Food Stamp Program is structured differently from those programs. According to plaintiff's strained interpretation of the statute, the Food Stamp Act creates a direct entitlement in eligible households to food stamps regardless of whether the state helps administer the program. Accordingly, plaintiff contends the federal government can place no conditions whatsoever on its participation in the program because it has no federal benefit to accept or reject. There is no quid pro quo or contractual arrangement.

If plaintiff's interpretation of the statute is correct, its argument that Congress may not place any restrictions on it has some support. For example, in *Oklahoma v. Schweiker,* 655 F.2d 401, 408 (D.C.Cir. 1981), the court stated in dicta:

Here, Congress' objective could not be realized by amending Title XVI of the [Social Security] Act, the portion relating to [Social Security Insurance (SSI)], because it is individual needy persons, not the states, that are entitled to the funds allocated to the SSI Program. In order to induce the states to pass cost-of-living

increases on to aid recipients, Congress deemed it necessary to attach the pass-through condition to the Medicaid provisions of the Act, under which funds are disbursed to the states.

But plaintiff's characterization of the Act is not correct. The Food Stamp Program was designed from its inception in 1964 to be implemented only in states "wishing to take part." H.Rep. No. 271, 99th Cong., 1st Sess. 124, *reprinted in* U.S.Code Cong. & Admin.News 1103, 1228.

More recently, upon passage of the Food Security Act of 1985 which reauthorized the Food Stamp Program for a number of years, Congress reaffirmed its view of its own legislation that "States may opt to offer the Food Stamp Program or not" and that "States remain free to reject this condition to participation in the Food Stamp Program and forego the benefits of the program to its [sic] citizens." S.Rep. No. 145, 99th Cong., 1st Sess. 215 and 252, *reprinted in* U.S.Code Cong. & Admin. News 1676, 1881 and 1918. *See also* H.Rep. No. 271, 99th Cong., 1st Sess. 132, *reprinted in* 1985 U.S.Code Cong. & Ad. News 1103, 1236 ("States and localities *opting to* participate in the Food Stamp Program would be prohibited from collecting sales tax on food stamp purchases." (emphasis added)).

Indeed, the Act's own language as amended clarifies that state's participation in the Food Stamp Program for their citizens' benefit is voluntary. Section 1505 now reads:

Subject to the availability of funds, ... the Secretary is authorized to formulate and administer a food stamp program under which, at the request of the state agency, eligible households within the state shall be provided an opportunity to obtain a more nutritious diet through the issuance to them of an allotment, except that a state may not participate in the food stamp program if the Secretary determines that state or local sales taxes are collected within that state on purchases of food made with [food stamps].

Plaintiff finds its only support for its position in 7 U.S.C. § 2011 which states that the goal of the Food Stamp Program is to maintain "national" levels of nutrition in "all eligible households who apply for participation." Plaintiff argues that this language creates an entitlement in *all* eligible households to food stamps, regardless of whether their state participates in the Food Stamp Program. But only eligible households "who apply for participation" may receive food stamps, 7 U.S.C. § 2011, and the Food Stamp Act requires such applications to be filed with the state's food stamp agency, which then requests the federal government to issue the food stamps. 7 U.S.C. § 2013(a). Hence, no "eligible household" may receive food stamps under the Food Stamp Act's dictates unless the state accepts the household's application and then requests the issuance of food stamps. The Secretary of Agriculture is given no authority to issue food stamps without the state's participation in the program. This Court therefore concludes that plaintiff's characterization of the Food Stamp Act as amended by the Food Security Act of 1985 is mistaken, and the prohibition on state and local sales taxes is therefore valid.

Plaintiff argues that those cases allowing Congress to place conditions on state participation in federal aid programs only permit Congress to place limits on a state's spending power as such a condition, and not on a state's power of taxation. Plaintiff therefore argues that the Food Security Act amendment prohibiting states who tax food stamp purchases from participating in the Food Stamp Program violates the Tenth Amendment to the Constitution.

However, the Tenth Amendment is recognized as but a "truism," *State of Texas v. United States,* 730 F.2d 339, 352 (5th Cir.1984), *citing United States v. Darby,* 312 U.S. 100, 114, 61 S.Ct. 451, 457, 85 L.Ed. 609 (1941), and a state's power to tax is no more fundamental than its power to spend. If anything, Alabama's power to tax in this case is less protected than its power to spend because the sales tax is paid for by 100 percent federally subsidized food stamp coupons. Indeed, defendant makes a persuasive argument that Congress properly and constitutionally exempted food stamp purchases from state taxation because such taxation results in an indirect subsidy to the state. *See, e.g., Dameron v. Brodhead,* 345 U.S. 322, 325, 73 S.Ct. 721, 723, 97 L.Ed. 1041 (1953); *Carson v. Roane-Anderson,* 342 U.S. 232, 236 (1952), 72 S.Ct. 257, 259, 96 L.Ed. 257; *City of Cleveland v. United States,* 323 U.S. 329, 333, 65 S.Ct. 280, 282, 89 L.Ed. 274 (1944). This Court cannot see that the Tenth Amendment is violated simply because an otherwise valid condition on participation in a federal program affects a state's taxing power rather than its spending power.

As a final alternative, plaintiff seeks a delay of this Court's ruling until it has an opportunity to conduct discovery on how defendant has conducted the Food Stamp Program in other states. Because plaintiff has challenged the statute on its face and has raised no equal protection argument, such discovery is irrelevant. Moreover, the language of the statute is plain and the legislative history is clear. Citizens in states which do not participate in the Food Stamp Program cannot be eligible for food stamp coupons. Accordingly, no further delay is warranted, and defendant's motion to dismiss is due to be granted for failure to state a claim upon which relief can be granted.

A separate order will be entered in accordance with this memorandum opinion.

/s/ Truman M. Hobbs
UNITED STATES DISTRICT JUDGE